WILMER CUTLER PICKERING
  HALE AND DORR LLP
BENJAMIN A. POWELL (SBN 214728)
  Benjamin.Powell@wilmerhale.com
DAVID W. BOWKER (SBN 200516)
  David.Bowker@wilmerhale.com
MOLLY M. JENNINGS (*pro hac vice pending*)
  Molly.Jennings@wilmerhale.com
1875 Pennsylvania Ave NW
Washington, DC 20006
Telephone:  (202) 663-6000
Facsimile:   (202) 663-6363

SONAL N. MEHTA (SBN 222086)
  Sonal.Mehta@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, California 94306
Telephone: (650) 600-5051
Facsimile:  (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

*Counsel for Defendants listed on signature page*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| APPLE INC.,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　　Defendants. | Case No. 3:21-cv-09078-JD<br><br>**JOINT STATEMENT REGARDING STAY OF DISCOVERY** |

Pursuant to the Court's Initial Case Management Order, Dkt. No. 32, Plaintiff Apple Inc. and Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (together, "Defendants") respectfully submit this Joint Statement Regarding Stay of Discovery.

The Court held its initial case management conference ("CMC") on March 17, 2022. *See* Dkt. No. 32. At the CMC, Defendants stated that they will petition the Supreme Court for a writ of certiorari in *WhatsApp Inc. v. NSO Group Technologies Limited*, No. 20-16408 (9th Cir.) (hereinafter, the "*WhatsApp* litigation"). Defendants have incorporated into their motion to dismiss in this case the same sovereign immunity arguments in the *WhatsApp* litigation. *See* Dkt. No. 28, at 5 n.2. There, the Ninth Circuit considered and rejected their sovereign immunity arguments on November 8, 2021. *WhatsApp Inc. v. NSO Group Technologies Limited*, 17 F.4th 930 (9th Cir. 2021). On January 12, 2022, Defendants requested that the Ninth Circuit stay the issuance of its mandate pending the filing and resolution of a petition for writ of certiorari with the Supreme Court, and on February 7, 2022, the Ninth Circuit granted Defendants' motion to stay the mandate. *WhatsApp* litigation, Dkt. Nos. 88, 90. Defendants also represented that their petition is due in the Supreme Court on April 6, 2022, and that they expect the Supreme Court to rule on that petition by June of this year (i.e., before it recesses for the summer).

At the CMC, the Court raised whether discovery should be stayed pending the Supreme Court's ruling on Defendants' petition for writ of certiorari in the *WhatsApp* litigation. Apple argued that the Ninth Circuit has decided the issue, and that even if the decision were reversed by the Supreme Court, Defendants would still be subject to jurisdiction here because the claims in this case would fall within well-settled exceptions to sovereign immunity. In any case, Apple contended, Defendants are not entitled to a stay of discovery pending the outcome of another case. Defendants disagree with Apple's arguments.

The Court ordered that each party file by April 7, 2022, a brief not to exceed five pages on the issue whether the case should be stayed during the pendency of Defendants' petition for a writ of certiorari. Dkt. No. 32.

Since the CMC, and with the benefit of the Court's questions and comments during the CMC, the parties have carefully considered these issues and conferred in good faith in an effort to

CASE NO. 3:21-cv-09078-JD JOINT STATEMENT REGARDING STAY OF DISCOVERY
- 1-

avoid unnecessary briefing for the Court. In light of the relatively short period of time at issue, Apple has agreed to a short stay of discovery, providing that—as Defendants expect—the petition for certiorari in the *WhatsApp* litigation is decided by the Supreme Court before it recesses for the summer at the end of June 2022 or early July 2022.

The parties propose that, should the Supreme Court not resolve the petition before it recesses at the end of June 2022 or early July 2022, the parties meet and confer over a schedule for submitting five-page briefs addressing whether discovery should remain stayed pending the Supreme Court's decision on the petition. Apple reserves the right to seek discovery should the Supreme Court not resolve Defendants' petition for certiorari before it recesses for the summer, while Defendants reserve the right to object to any such discovery. If the Supreme Court grants the petition before it recesses, the parties will meet and confer over a schedule for submitting five-page briefs addressing whether discovery should remain stayed pending the Supreme Court's decision on the merits.

For the avoidance of doubt, the parties' requested stay would be limited to discovery and would not impact the parties' agreed-upon briefing schedule for Defendants' motion to dismiss. *See* Dkt. No. 27.

Dated: April 7, 2022

WILMER CUTLER PICKERING HALE AND DORR LLP

By: /s/ David W. Bowker
DAVID W. BOWKER

*Attorneys for Plaintiff*
APPLE INC.

Dated: April 7, 2022

KING & SPALDING LLP

By:   /s/ Joseph N. Akrotirianakis
JOSEPH N. AKROTIRIANAKIS

*Attorneys for Defendants*
NSO GROUP TECHS. LTD. and Q CYBER TECHS. LTD.

**SIGNATURE ATTESTATION**

I am the ECF User whose identification and password are being used to file the foregoing. Pursuant to Civil Local Rule 5-1(i), I hereby attest that the other signatories have concurred in this filing.

Dated: April 7, 2022                    By:   /s/ David W. Bowker
                                              David W. Bowker