PAUL HOFFMAN #71244
JOHN WASHINGTON #315991
Schonbrun, Seplow, Harris,
  Hoffman & Zeldes LLP
200 Pier Avenue, Suite 226
Hermosa Beach, CA 90254
T: (424) 297-0114
F: (310) 399-7040
hoffpaul@aol.com

*Counsel for Third Parties**

**See Signature Page for Complete List of
Third Parties*

CARRIE DECELL**
JAMEEL JAFFER**
ALEX ABDO**
STEPHANIE KRENT**
EVAN WELBER FALCÓN**
Knight First Amendment Institute
  at Columbia University
475 Riverside Drive, Suite 302
New York, NY 10115
T: (646) 745-8500
F: (646) 661-3361
carrie.decell@knightcolumbia.org

*Counsel for Third Parties**

***Application for Admission Pro Hac Vice
Pending*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>              Plaintiff,<br><br>       v.<br><br>NSO GROUP TECHNOLOGIES LIMITED<br>and Q CYBER TECHNOLOGIES LIMITED,<br><br>              Defendants. | Case No. 3:21-cv-09078-JD<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED PURSUANT TO LOCAL RULES 3-12 AND 7-11** |

1

**ADMINISTRATIVE MOTION**

2         Pursuant to Civil Local Rules 3-12 and 7-11, Plaintiffs in the newly filed action *Dada v.*

3   *NSO Group Technologies Limited*, No. 3:22-cv-07513-WHA (N.D. Cal.), file this administrative

4   motion asking the Court to consider whether that case should be related to *Apple Inc. v. NSO Group*

5   *Technologies Limited*, No. 3:21-cv-09078-JD. As explained in the attached Declaration of Carrie

6   DeCell, counsel for Plaintiffs in *Dada* notified counsel for all parties in *Apple* via email of their

7   intent to file this motion, seeking a stipulation as required by Civil Local Rule 7-11(a). Counsel

8   for the parties in *Apple* have not yet provided responses. As a result, the *Dada* Plaintiffs were

9   unable to obtain a stipulation signed by all parties.

10  **I.   THE TWO ACTIONS ARE RELATED.**

11        Pursuant to the relevant local rule, "[a]n action is related to another when: (1) The actions

12  concern substantially the same parties, property, transaction, or event; and (2) It appears likely that

13  there will be an unduly burdensome duplication of labor and expense or conflicting results if the

14  cases are conducted before different Judges." N.D. Cal. Civ. L.R. 3-12(a). Both requirements are

15  satisfied here.

16        **A.   Both actions concern substantially the same parties, property, and events.**

17        The parties, property, and events at the heart of *Apple* and *Dada* are substantially the same.

18  Both actions name the same defendants: NSO Group Technologies Limited and its parent

19  company, Q Cyber Technologies Limited. Both actions challenge Defendants' development and

20  deployment of their Pegasus spyware using Apple's servers and services in attacks against iPhone

21  users, who include the *Dada* Plaintiffs. Defendants have even insisted that any harms stemming

22  from the conduct alleged in *Apple* would have been suffered by iPhone users rather than Apple,

23  arguing in support of their Motion to Dismiss that "NSO's alleged access to individual users'

24  devices would have injured only those individuals," Defs.' Mot. to Dismiss 10:9–10, ECF No. 28,

25  and that device users themselves would be best positioned to raise claims arising from the

26  deployment of Pegasus against them, *id.* 1:22–24.

27

28

**B. There will likely be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.**

Declining to treat *Dada* as related to *Apple* risks the unduly burdensome duplication of labor and conflicting results.

First, declining to treat the cases as related is likely to result in an unduly burdensome duplication of labor because of the cases' highly technical subject matter. Both cases require judicial understanding of the development and deployment of Pegasus, sophisticated spyware that can be installed on a target's smartphone remotely and surreptitiously, without any action by the target. Both cases require judicial understanding of how Defendants identified vulnerabilities in Apple software and services; how they exploited those vulnerabilities to infect targeted iPhones with Pegasus (for example, through Apple's iMessage service); and how Pegasus operators controlled the infected iPhones using command-and-control servers configured and maintained by Defendants. Given that both cases involve the same technical subject matter, allowing them to proceed before different judges will result in burdensome duplication of labor.

Second, declining to treat the cases as related is likely to result in an unduly burdensome duplication of labor and conflicting results because both cases raise claims under the same statute. The lead claims in both *Apple* and *Dada* arise under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and are predicated on the allegation that NSO Group installed and maintained Pegasus infections on Apple devices. *See Apple* Compl. ¶¶ 62–79, ECF No. 1; *Dada* Compl. ¶¶ 123–35, *Dada v. NSO Group Techs. Ltd.*, No. 3:22-cv-07513-WHA (N.D. Cal. Nov. 30, 2022), ECF No. 1 (attached hereto as Exhibit 1). This is to say that they involve the application of the same law to shared facts. Although the *Apple* and *Dada* Plaintiffs assert some causes of action that do not overlap, *see Apple* Compl. ¶¶ 80–97; *Dada* Compl. ¶¶ 136–52, the adjudication of these claims will require the development of a shared factual record pertaining to the development and deployment of the Pegasus spyware by the same Defendants. As a result, relating the two cases would promote judicial economy and avoid the risk of conflicting findings.

Finally, much of the relief sought by the *Dada* Plaintiffs has been sought by Apple. Apple seeks permanent injunctive relief to prevent Defendants from accessing and using Apple products or services, as well as to require Defendants to identify and delete all the information obtained

1  from Apple devices or software. *See Apple* Compl. at 20:27–21:14. The *Dada* Plaintiffs likewise

2  seek permanent injunctive relief preventing Defendants from accessing a subset of those devices

3  (the iPhones used by the *Dada* Plaintiffs) and requiring Defendants to catalogue and delete a subset

4  of the information they and their clients obtained from Apple devices (the information obtained

5  from the *Dada* Plaintiffs' iPhones and cloud-based accounts). *See Dada* Compl. at 39:21–40:21.

6  Where the injunctive relief sought would be substantially similar, allowing both cases to proceed

7  before the same judge reduces the likelihood of any conflict between their outcomes.

8  **II. CONCLUSION**

9      For the foregoing reasons, the *Dada* Plaintiffs respectfully propose that *Dada v. NSO*

10  *Group Technologies Limited*, No. 3:22-cv-07513-WHA, be related to *Apple Inc. v. NSO Group*

11  *Technologies Limited*, No. 3:21-cv-09078-JD.

12

13  DATED: December 2, 2022                       Respectfully submitted,

14                                        /s/ Paul Hoffman
                                          _____
15                                        Paul Hoffman #71244
                                          John Washington #315991
16                                        Schonbrun, Seplow, Harris,
                                            Hoffman & Zeldes LLP
17                                        200 Pier Avenue, Suite 226
                                          Hermosa Beach, CA 90254
18                                        T: (424) 297-0114
                                          F: (310) 399-7040
19                                        hoffpaul@aol.com

20                                        /s/ Carrie DeCell
                                          _____
21                                        Carrie DeCell**
                                          Jameel Jaffer**
22                                        Alex Abdo**
                                          Stephanie Krent**
23                                        Evan Welber Falcón**
                                          Knight First Amendment Institute
24                                          at Columbia University
                                          475 Riverside Drive, Suite 302
25                                        New York, NY 10115
                                          T: (646) 745-8500
26                                        F: (646) 661-3361
                                          carrie.decell@knightcolumbia.org
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Counsel for Third Parties Carlos Dada, Sergio Arauz, Gabriela Cáceres Gutiérrez, Julia Gavarrete, Roman Gressier, Gabriel Labrador, Ana Beatriz Lazo Escobar, Efren Lemus, Carlos Martínez, Óscar Martínez, María Luz Nóchez, Víctor Peña, Nelson Rauda Zablah, Mauricio Sandoval Soriano, and José Luis Sanz*

*\*\*Application for Admission Pro Hac Vice Pending*