1  JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (Bar No. 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone:   (213) 443-4355
5  Facsimile:   (213) 443-4310

6  Attorneys for Defendants NSO GROUP TECHNOLOGIES
   LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., | Case No. 3:21-cv-09078-JD |
| Plaintiff, | **DECLARATION OF ROY BLECHER IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, | Date:   May 11, 2023<br>Time:   10:00 a.m.<br>Ctrm:   11 |
| Defendants. | Action Filed:   11/23/2021 |

DECLARATION OF ROY BLECHER                                   Case No. 3:21-cv-09078-JD

I, Roy Blecher, declare as follows:

1. I am an attorney licensed to practice law in Israel, and I am a partner and co-founder of the law firm of Krispin, Rubinstein, Blecher, Kadouch & Partners. I represent Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. ("Defendants") in connection with this matter, and I have represented Defendants in a number of other matters in Israel. I have personal knowledge of the facts set forth below and, except as otherwise stated, could testify competently to each fact averred herein.

2. I have 28 years of experience as a licensed attorney handling civil and criminal matters in Israel, including having participated in hundreds of trials. In civil and criminal matters in Israel there are no pretrial depositions or any other alternative means to examine a witness under oath prior to trial. I have heard of instances of Israeli witnesses being compelled, pursuant to the Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, to testify under oath in a deposition in American civil proceedings, but such proceedings are very rare.

*3.* I have reviewed the complaint in this lawsuit. Based on my review of the plaintiff's allegations, it would appear that any testimony from a current or former NSO employee located in Israel would likely involve questions, the answers to which would implicate Israel's Defense Export Control Law ("DECL") and other Israeli laws pertinent to the sensitive activities of NSO. A witness' answering such questions might violate Israeli law and carry criminal penalties.

4. Israeli law includes a privilege against self-incrimination. Moreover, a witness testifying before an Israeli court would have the right not to give testimony that would constitute a criminal offense under Israeli law. In my experience, if a question is asked in an Israeli court and answering the question could incriminate the witness, the witness or the witness' attorney will object and assert the witness' privilege against self-incrimination. In those circumstances, if the presiding judge orders the witness to answer the question, the witness' testimony cannot be used as evidence against him in any subsequent criminal proceeding.

DECLARATION OF ROY BLECHER        1        Case No. 3:21-cv-09078-JD

5.      Additionally, based on my experience practicing law in Israel, I believe that agreements may be able to be reached with the Israeli government that, together with procedures available under Israeli law (such as in camera hearings, gag orders, and security clearances for counsel in the matter), could be implemented to enable a witness who is willing to testify to do so without fear of prosecution.  I do not believe the Israeli government would be willing to make such agreements concerning testimony to be given in a deposition for use in a foreign court.

**6.**      Based on the forgoing, I do not believe that any party to an American proceeding could effectively take the testimony of an Israeli witness, in Israel, if the witness' testimony would include answers about technology and other sensitive information that is subject to the DECL and other Israeli laws, and which if given would constitute criminal offenses under Israeli law.

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 9th day of March 2023, at Bnei Brak, Israel.



_____
ROY BLECHER