UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED, and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 3:21-cv-09078-JD <br><br> **[PROPOSED] ORDER GRANTING DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S RENEWED MOTION TO DISMISS [*FORUM NON CONVENIENS* AND FED. R. CIV. P. 12(B)(6) AND 12(B)(7)])** |

The Court, having fully considered the motion of Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited to dismiss the Complaint and all points and authorities filed in support of and in opposition to the motion and the arguments of counsel, and GOOD CAUSE THEREFOR APPEARING, IT IS HEREBY ORDERED:

1. The motion is GRANTED.

2. Because this action has no material connection to California and should be brought in Israel, dismissal is required for *forum non conveniens*.

3. Even if dismissal for *forum non conveniens* were not appropriate, Plaintiff's failure to join indispensable parties, specifically Defendants' government customers, would necessitate dismissal under Federal Rules of Civil Procedure 12(b)(7) and 19.

4. Moreover, Plaintiff has failed to state a claim under the Computer Fraud and Abuse Act ("CFAA") or California's Unfair Competition Law ("UCL").  Fed. R. Civ. P. 12(b)(6). Defendants' alleged conduct did not cause Plaintiff any statutory "damage or loss" under the CFAA, nor has Plaintiff alleged that Defendants "access[ed]" any "protected computer" to which Plaintiff has any rights.  18 U.S.C. § 1030(a), (g).  Plaintiff's UCL claim falls with its CFAA claim, *In re Google Android Consumer Priv. Litig.*, 2013 WL 1283236, at *8 (N.D. Cal. Mar. 26, 2013), and even if Plaintiff had adequately pleaded a CFAA violation, its UCL claim must be dismissed because the UCL does not apply to Defendants' extraterritorial conduct, *Allergan, Inc. v. Athena Cosmetics*, 738 F.3d 1350, 1358-59 (Fed. Cir. 2013); *Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1208 (2011).

5. Plaintiff also fails to state a claim for unjust enrichment, because unjust enrichment is a remedy and "not a standalone cause of action." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015).  Even if unjust enrichment were a standalone claim, it must be dismissed here because Plaintiff has not pleaded any basis to find that the alleged enforceable contract with Defendants "may be unenforceable or invalid." *Tsai v. Wang*, 2017 WL 2587929, at *7 (N.D. Cal. June 14, 2017).

6. Plaintiff's Complaint is, accordingly, dismissed with prejudice.

1    IT IS SO ORDERED.

3    Dated: _____, 2023                    _____
                                                      THE HONORABLE JAMES DONATO
                                                      UNITED STATES DISTRICT JUDGE