UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>        Plaintiff,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br><br>        Defendants. | Case No. 3:21-cv-09078-JD<br>[*The Honorable James Donato*]<br><br>**STIPULATED LIMITED PROTECTIVE ORDER (FOR NON-DISCOVERY DISCLOSURES)**<br><br>*No hearing scheduled.*<br><br>Action Filed:  11/23/2021 |

# I.    PURPOSES AND LIMITATIONS

## 1.1    <u>Scope</u>

This Stipulated Limited Protective Order is limited to disclosure of materials from Defendants NSO Group and Q Cyber ("NSO") to Plaintiff Apple Inc. ("Apple") related to upcoming court filings NSO intends to seek leave of Court to make in connection with its pending motion to dismiss. *See* ECF Nos. 48, 50. With respect to materials produced, served, exchanged, or otherwise provided during discovery, the parties intend to negotiate and propose a new protective order to govern those materials. For avoidance of doubt, this Stipulated Limited Protective Order does not govern materials produced, served, exchanged, or otherwise provided during discovery.

NSO intends to make court filings related to its pending Motion to Dismiss that it represents will include confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The parties acknowledge, as set forth in Section 13.4 below, that this Stipulated Limited Protective Order does not automatically entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## 1.2    <u>Duration</u>

This Stipulated Limited Protective Order shall take effect as of its entry and shall expire upon the earlier of the Court's granting NSO's Motion to Dismiss, ECF No. 48, the Court's denying without leave to amend NSO's Motion to Dismiss, the agreement of the parties, or order of the Court. The parties intend to negotiate and propose a new protective order to govern materials produced, served, exchanged, or otherwise provided during discovery. The parties agree that while this Stipulated Limited Protective Order is suitable for the limited purpose of non-discovery disclosure of confidential materials from NSO to Apple, it lacks safeguards that would be necessary and appropriate for other phases of this litigation, including discovery, to the extent they occur. Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a

court order otherwise directs.

      1.3    <u>Reservation of Rights</u>

By entering into this Stipulated Limited Protective Order, Apple does not agree or stipulate that it is necessary or proper for NSO to file any confidential materials with the Court in connection with its motion to dismiss.  Apple reserves all right to contest any such filing.

**II.    DEFINITIONS**

      2.1    <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

      2.2    <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

      2.3    <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

      2.4    <u>Designated House Counsel</u>: House Counsel who seek access to "HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY" non-discovery information or materials disclosed by NSO under this Limited Protective Order.

      2.5    <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

      2.6    <u>Disclosure Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures under the terms of this Limited Protective Order.

      2.7    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party

1   or of a Party's competitor.

2       2.8   Foreign Outside Counsel: attorneys who are not employees of a party to this

3   action but are retained to represent or advise a party to this action and have not appeared in this

4   action and are not affiliated with a law firm which has appeared on behalf of that party.

5       2.9   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or

6   Items: extremely sensitive "Confidential Information or Items," disclosure of which to another

7   Party or Non-Party would create a substantial risk of serious harm that could not be avoided by

8   less restrictive means.

9       2.10   House Counsel: attorneys who are employees of a party to this action. House

10   Counsel does not include Outside Counsel of Record or any other outside counsel.

11      2.11   Non-Party: any natural person, partnership, corporation, association, or other legal

12   entity not named as a Party to this action.

13      2.12   Outside Counsel of Record: attorneys who are not employees of a party to this

14   action but are retained to represent or advise a party to this action and have appeared in this

15   action on behalf of that party or are affiliated with a law firm which has appeared on behalf of

16   that party.

17      2.13   Party: any party to this action, including all of its officers, directors, employees,

18   consultants, retained experts, and Outside Counsel of Record (and their support staffs).

19      2.14   Producing Party: a Party or Non-Party that produces Disclosure Material in this

20   action.

21      2.15   Professional Vendors: persons or entities that provide litigation support services

22   (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and

23   organizing, storing, or retrieving data in any form or medium) and their employees and

24   subcontractors.

25      2.16   Protected Material: any Disclosure Material that is designated as

26   "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

27      2.17   Receiving Party: a Party that receives Disclosure Material from a Producing

28

DocuSign Envelope ID: 3134C6A0-DB5E-4FDE-936C-A6D036AE9684

Party.

**III.     SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure by means other than Receiving Party's participation in litigation with Designating Party or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**IV.     INTENTIONALLY OMITTED**

**V.      DESIGNATING PROTECTED MATERIAL**

5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary

DocuSign Envelope ID: 3134C5A0-DB5E-4FDE-936S-A6D036AE9684

1   expenses and burdens on other parties) expose the Designating Party to sanctions.

2        If it comes to a Designating Party's attention that information or items that it designated

3   for protection do not qualify for protection at all or do not qualify for the level of protection

4   initially asserted, that Designating Party must promptly notify all other parties that it is

5   withdrawing the mistaken designation.

6        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order

7   (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered,

8   Disclosure Material that qualifies for protection under this Order must be clearly so designated

9   before the material is disclosed or produced.

10       Designation in conformity with this Order requires:

11       (a) <u>for information in documentary form</u> (e.g., paper or electronic documents, but

12   excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

13   Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

14   EYES ONLY" to each page that contains protected material. If only a portion or portions of the

15   material on a page qualifies for protection, the Producing Party also must clearly identify the

16   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

17   each portion, the level of protection being asserted.

18        A Party or Non-Party that makes original documents or materials available for inspection

19   need not designate them for protection until after the inspecting Party has indicated which

20   material it would like copied and produced.  During the inspection and before the designation, all

21   of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –

22   ATTORNEYS' EYES ONLY."  After the inspecting Party has identified the documents it wants

23   copied and produced, the Producing Party must determine which documents, or portions thereof,

24   qualify for protection under this Order.  Then, before producing the specified documents, the

25   Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY

26   CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected

27   Material.  If only a portion or portions of the material on a page qualifies for protection, the

28

Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to 21 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 21 days shall be covered by the provisions of this Stipulated Limited Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 21 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Parties shall give the other parties notice if they reasonably expect a hearing or other proceeding to include Protected Material so that the other parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 21-day period for designation shall be treated during that period as if it had been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless

1   otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

2   actually designated.

3        (c) <u>for information produced in some form other than documentary and for any other</u>

4   <u>tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the

5   container or containers in which the information or item is stored the legend "CONFIDENTIAL"

6   or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  If only a portion or portions

7   of the information or item warrant protection, the Producing Party, to the extent practicable, shall

8   identify the protected portion(s) and specify the level of protection being asserted.

9        5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to

10  designate qualified information or items does not, standing alone, waive the Designating Party's

11  right to secure protection under this Order for such material.  Upon timely correction of a

12  designation, the Receiving Party must make reasonable efforts to assure that the material is

13  treated in accordance with the provisions of this Order.

14  **VI.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

15       6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

16  confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality

17  designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

18  burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

19  challenge a confidentiality designation by electing not to mount a challenge promptly after the

20  original designation is disclosed.

21       6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution

22  process by providing written notice of each designation it is challenging and describing the basis

23  for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written

24  notice must recite that the challenge to confidentiality is being made in accordance with this

25  specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in

26  good faith and must begin the process by conferring directly (in voice to voice dialogue; other

27  forms of communication are not sufficient) within 14 days of the date of service of notice.  In

28

1    conferring, the Challenging Party must explain the basis for its belief that the confidentiality

2    designation was not proper and must give the Designating Party an opportunity to review the

3    designated material, to reconsider the circumstances, and, if no change in designation is offered,

4    to explain the basis for the chosen designation.  A Challenging Party may proceed to the next

5    stage of the challenge process only if it has engaged in this meet and confer process first or

6    establishes that the Designating Party is unwilling to participate in the meet and confer process in

7    a timely manner.

8        6.3    <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court

9    intervention, the Designating Party shall file and serve a motion to retain confidentiality under

10   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days

11   of the initial notice of challenge or within 14 days of the parties agreeing that the meet and

12   confer process will not resolve their dispute, whichever is earlier.  Each such motion must be

13   accompanied by a competent declaration affirming that the movant has complied with the meet

14   and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to

15   make such a motion including the required declaration within 21 days (or 14 days, if applicable)

16   shall automatically waive the confidentiality designation for each challenged designation.  In

17   addition, the Challenging Party may file a motion challenging a confidentiality designation at

18   any time if there is good cause for doing so, including a challenge to the designation of a

19   deposition transcript or any portions thereof.  Any motion brought pursuant to this provision

20   must be accompanied by a competent declaration affirming that the movant has complied with

21   the meet and confer requirements imposed by the preceding paragraph.

22       The burden of persuasion in any such challenge proceeding shall be on the Designating

23   Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose

24   unnecessary expenses and burdens on other parties) may expose the Challenging Party to

25   sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

26   file a motion to retain confidentiality as described above, all parties shall continue to afford the

27   material in question the level of protection to which it is entitled under the Producing Party's

28

designation until the court rules on the challenge.

**VII.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The Receiving Party shall store any electronic Protected Material in a password-protected form.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

1   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

2       (f) during their depositions, witnesses in the action to whom disclosure is reasonably

3   necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

4   A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

5   transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

6   separately bound by the court reporter and may not be disclosed to anyone except as permitted

7   under this Stipulated Limited Protective Order.

8       (g) the author or recipient of a document containing the information or a custodian or

9   other person who otherwise possessed or knew the information; and

10       (h) Foreign Outside Counsel who have signed the "Acknowledgment and Agreement to

11   Be Bound" (Exhibit A).

12       7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

13   Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

14   Designating Party, a Receiving Party may disclose any information or item designated

15   "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

16       (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees

17   of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information

18   for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that

19   is attached hereto as Exhibit A;

20       (b) Designated House Counsel of the Receiving Party to whom disclosure is reasonably

21   necessary for this litigation, who has signed the "Acknowledgment and Agreement to Be Bound"

22   (Exhibit A), and as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been

23   followed, and whose identity is provided in writing by email fourteen days in advance of

24   disclosure and not objected to by Designating Party (or some other interested entity). With

25   respect to Designated House Counsel, if Designating Party notifies Receiving Party within the

26   fourteen day period that Designating Party (or some other interested entity) objects to the

27   disclosure to Designated House Counsel, which objection shall not be unreasonably asserted,

28

1  Receiving Party may not disclose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

2  materials to Designated House Counsel;

3      (c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this

4  litigation, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

5  and (3) as to whom the procedures set forth in paragraph 7.4(a)(2), below, have been followed;

6      (d) the court and its personnel;

7      (e) court reporters and their staff, professional jury or trial consultants, and Professional

8  Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the

9  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

10     (f) the author or recipient of a document containing the information or a custodian or

11  other person who otherwise possessed or knew the information; and

12     (g) Foreign Outside Counsel to whom disclosure is reasonably necessary for this

13  litigation, who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and

14  as to whom the procedures set forth in paragraph 7.4(a)(1), below, have been followed, and

15  whose identity is provided in writing by email fourteen days in advance of disclosure and not

16  objected to by Designating Party (or some other interested entity). With respect to Foreign

17  Outside Counsel, if Designating Party notifies Receiving Party within the fourteen day period

18  that Designating Party (or some other interested entity) objects to the disclosure to Foreign

19  Outside Counsel, which objection shall not be unreasonably asserted, Receiving Party may not

20  disclose HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials to Foreign

21  Outside Counsel.

22     7.4    Procedures for Approving or Objecting to Disclosure of "HIGHLY

23  CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information to Designated House Counsel,

24  Foreign Outside Counsel, or Experts.

25     (a)(1) Unless otherwise ordered by the court or agreed to in writing by the Designating

26  Party, a Party that seeks to disclose to Designated House Counsel or Foreign Outside Counsel

27  any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS'

28

EYES ONLY" pursuant to paragraph 7.3(b) first must make a written notification by email to the Designating Party, fourteen days before the disclosure, that sets forth the full name of the Designated House Counsel and/or Foreign Outside Counsel and the city and state of his or her primary residence which notification shall also include copies of Exhibit A signed by Designated House Counsel and/or Foreign Outside Counsel.  If Designating Party notifies Receiving Party within the fourteen day period that Designating Party objects to the disclosure to Foreign Outside Counsel or Designated House Counsel, which objection shall not be unreasonably asserted, Receiving Party may not disclose <u>HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY materials to Foreign Outside Counsel or Designated House Counsel.</u>  If Designating Party affirmatively notifies Receiving Party by email that it does not object to the Disclosure to the identified Foreign Outside Counsel or Designated House Counsel prior to expiration of fourteen day period allowed for objection, then Receiving Party may immediately disclose "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials to the identified Foreign Outside Counsel or Designated House Counsel.

(a)(2) Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any information or item that has been designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to paragraph 7.3(b) first must make a written request to the Designating Party that (1) identifies the general categories of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding five years,[1]

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert should provide whatever information the Expert believes can be disclosed

and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk.  In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

## VIII.   SOURCE CODE

(a) To the extent production of source code becomes necessary in this case, a new Protective Order will need to be entered.

---

without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

## IX.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Limited Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[2]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## X.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(a)  The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Such information produced by Non-Parties in connection with this liti-

---

[2] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

gation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.     promptly provide the Non-Party with a copy of the Stipulated Limited Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.     make the information requested available for inspection by the Non-Party.

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[3]  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## XI.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Limited Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were

---

[3] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

DocuSign Envelope ID: 3134C5A0-DB5E-4FDE-936C-A6D038AE9684

DocuSign Envelope ID: 3134C5A0-DB5E-4FDE-9360-A6D036AE9684

1   made of all the terms of this Order, and (d) request such person or persons to execute the

2   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

3   **XII.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**
        **PROTECTED MATERIAL**
4
5          If information is disclosed or produced that is subject to a claim of privilege or of protec-

6   tion as trial-preparation material, the party making the claim may notify any party that received

7   the information of the claim and the basis for it.  After being notified, a party must promptly re-

8   turn or destroy the specified information and any copies it has and may not sequester, use or dis-

9   close the information until the claim is resolved.  This includes a restriction against presenting

10  the information to the court for a determination of the claim.  This provision is not intended to

11  modify whatever procedure may be established in an e-discovery order that provides for produc-

12  tion without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar

13  as the parties reach an agreement on the effect of disclosure of a communication or information

14  covered by the attorney-client privilege or work product protection, the parties may incorporate

15  their agreement in the stipulated protective order submitted to the court.

16  **XIII.  MISCELLANEOUS**

17         13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to

18  seek its modification by the court in the future.

19         13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Stipulated

20  Limited Protective Order for non-discovery purposes only, no Party waives any right it otherwise

21  would have to object to disclosing or producing any information or item on any ground not

22  addressed in this Stipulated Limited Protective Order.  Similarly, no Party waives any right to

23  object on any ground to use in evidence of any of the material covered by this Stipulated Limited

24  Protective Order.

25         13.3    <u>Export Control</u>. Disclosure of Protected Material shall be subject to all applicable

26  laws and regulations relating to the export of technical data contained in such Protected Material,

27  including the release of such technical data to foreign persons or nationals in the United States or

28  elsewhere.  The Producing Party shall be responsible for identifying any such controlled

technical data, and the Receiving Party shall take measures necessary to ensure compliance.

13.4    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

## XIV.    FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 1.2, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject

to this Protective Order as set forth in Section 1.2 (DURATION).

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 8/24/2023 _____

_____
BENJAMIN A. POWELL
DAVID BOWKER
Attorneys for Plaintiff Apple Inc.

DATED: August 24, 2023     ___/s/ Aaron S. Craig_____
JOSEPH N. AKROTIRIANKIS
AARON S. CRAIG
Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED
and Q CYBER TECHNOLOGIES LTD

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____   _____
Honorable James Donato
United States District Judge

1

## EXHIBIT A

2

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

3       I, _____ [print or type full name], of _____ [print or

4   type full address], declare under penalty of perjury that I have read in its entirety and understand the

5   Stipulated Limited Protective Order that was issued by the United States District Court for the Northern

6   District of California on [date] in the case of *Apple Inc. v. NSO Group Technologies Ltd., et al.*, Case No.

7   3:21-cv-09078-JD.  I agree to comply with and to be bound by all the terms of this Stipulated Limited

8   Protective Order and I understand and acknowledge that failure to so comply could expose me to

9   sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any

10   manner any information or item that is subject to this Stipulated Limited Protective Order to any person

11   or entity except in strict compliance with the provisions of this Order.

12       I further agree to submit to the jurisdiction of the United States District Court for the Northern

13   District of California for the purpose of enforcing the terms of this Stipulated Limited Protective Order,

14   even if such enforcement proceedings occur after termination of this action.

15       I hereby appoint _____ [print or type full name] of

16   _____ [print or type full address and telephone number] as my

17   California agent for service of process in connection with this action or any proceedings related to

18   enforcement of this Stipulated Limited Protective Order.

19

20   Date: _____

21   City and State where sworn and signed: _____

22   Printed name: _____
             [printed name]

23

24   Signature: _____
             [signature]

25

26

27

28