JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
 jakro@kslaw.com
AARON S. CRAIG (Bar No. 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone:   (213) 443-4355
Facsimile:   (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 3:21-cv-09078-JD <br><br> **DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Judge:  Hon. James Donato <br><br> Action Filed:  11/23/2021 |

1    Pursuant to Civil Local Rules 7-11 and 79-5(d), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") certain language in the Declaration of Aaron Craig ¶¶ 3-12 filed concurrently with this Motion and certain documents, attached as Exhibits A-G to the Craig Declaration. (The Craig Declaration and Exhibits A-G are collectively referenced as the "Sealed Documents.") The Sealed Documents are submitted to the Court in connection with Defendants' pending Renewed Motion to Dismiss to Complaint [*Forum Non Conveniens* and Fed. R. Civ. P. 12(B)(6) and 12(B)(7)] (Dkt. No. 48, "Renewed Motion to Dismiss.") This week, Defendants intend to file an administrative motion for leave to file a short sur-reply to the Renewed Motion to Dismiss based on the Sealed Documents. That sur-reply will be based on circumstances arising after the Renewed Motion to Dismiss was taken under submission.

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

## I.   BACKGROUND

The Complaint was filed November 23, 2021. (Dkt. No. 1.) On March 3, 2022, Defendants moved to dismiss Plaintiff's Complaint. (Dkt. No. 28.) On April 12, 2022, at the parties' joint agreement (Dkt. No. 33) the case was stayed pending further order. (Dkt. No. 34.) On June 23, 2022, the stay was extended pending certain appellate proceedings. (Dkt. No. 40.) On February 16, 2023, the case was reopened, the stay was lifted, and Defendants were given leave to file a renewed motion to dismiss by March 10, 2023, (Dkt. No. 46.). Defendants filed their Renewed Motion to Dismiss on that date. (Dkt. No. 48.) Among the grounds cited in Defendants' Renewed Motion to Dismiss is *Forum Non Conveniens*. (*Id.* at p. 4-8.)

Exhibits A-G to the Craig Declaration are relevant to the Renewed Motion to Dismiss. They have been designated as HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY pursuant to the Stipulated Limited Protective Order (For Non-Discovery Disclosures) in this matter. (Dkt. No. 52 at ¶ 7.3, so ordered at Dkt. No. 53.) Defendants are constrained as to what they are permitted to say about the Sealed Materials in a public filing; for information about

additional matters relevant to this Motion and the Sealed Materials, the Court is respectfully referred to paragraphs 3 through 12 of the accompanying Craig Declaration.

## II.  LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal."  *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, Defendants seek to file under seal certain paragraphs of the Craig Declaration and certain language in their *Forum Non Conveniens* Motion, which is not a dispositive motion.  A motion to dismiss for *forum non conveniens* is considered a non-dispositive motion for the purpose of sealing because it "does not resolve the merits of the underlying causes of action, and is only tangentially related to the merits."  *See Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, 2015 WL 1534049, at *3 (N.D. Cal. Apr. 2, 2015) (citing *Young v. Actions Semiconductor Co.*, 2007 WL 2177028, at *2 (S.D. Cal. July 27, 2007)). Accordingly, the "good cause" standard applies to this Motion.  Even if the higher "compelling reasons" standard applied, that standard is met here.

## III.  LEGAL ARGUMENT

This Motion is supported by good cause (and to the extent required, by compelling reasons)

1  based on the facts attested to in the Craig Declaration. The Sealed Documents contain highly
2  sensitive, non-public information, the disclosure of which would prejudice Defendants and other
3  parties not before the Court. *See, e.g., Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at
4  *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399,
5  at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5
6  (E.D.N.Y. Oct. 6, 2011). Therefore, Defendants now seek leave of this Court to file the Sealed
7  Documents under seal.

8  Good cause exists to seal each of the Sealed Documents, and Defendants respectfully
9  request that the Court grant this Motion and order the Sealed Documents be kept under seal. For
10 a full description of that good cause, the Court is respectfully referred to paragraphs 3-12 of the
11 accompanying Craig Declaration. Defendants have closely analyzed each of the documents being
12 filed and, for each, Defendants are asking the Court to file under seal only the minimum necessary
13 to be sealed.

## IV.   CONCLUSION

15 For the reasons set forth above and in the accompanying Craig Declaration, Defendants
16 respectfully request that the Court grant this Motion and order the Sealed Documents to be kept
17 under seal.

18 Should the Court deny this Motion, in whole or in part, Defendants request that any
19 portions of the Sealed Documents for which sealing was both requested and denied be considered
20 withdrawn and that any such information not be publicly filed.

21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

| | |
|---|---|
| DATED: September 11, 2023 | KING & SPALDING LLP |
| | By: /s/Aaron S. Craig |
| |     JOSEPH N. AKROTIRIANAKIS |
| |     AARON S. CRAIG |
| | |
| | Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED |