1  JOSEPH N. AKROTIRIANAKIS (SBN 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (SBN 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
    Telephone: (213) 443-4355
5  Facsimile: (213) 443-4310

6  Attorneys for Defendants
    NSO GROUP TECHNOLOGIES LIMITED and
7  Q CYBER TECHNOLOGIES LIMITED

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11

12  APPLE INC.,                                  Case No. 3:21-cv-09078-JD

            Plaintiff,                           Honorable James Donato
13
            v.                                   **DEFENDANTS NSO GROUP
14                                               TECHNOLOGIES LTD. AND Q CYBER
    NSO GROUP TECHNOLOGIES LIMITED               TECHNOLOGIES LTD.'S
15  and Q CYBER TECHNOLOGIES LIMITED,            ADMINISTRATIVE MOTION TO FILE
                                                 UNDER SEAL**
16          Defendants.
                                                 Judge:  Hon. James Donato
17
                                                 Action Filed:  11/23/2021
18

---

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") certain language in the Declaration of Aaron Craig (¶¶ 3-11 and 13) filed concurrently with this Motion, certain language in their Supplemental Memorandum in Support of Renewed Motion to Dismiss ("Supplemental Memorandum"), attached as Exhibit 1 to the Craig Declaration, and certain language in the Supplemental Declaration of Roy Blecher in Support of Defendants' Renewed Motion to Dismiss ("Blecher Declaration") and accompanying Exhibits A through D, attached as Exhibit 2 to the Craig Declaration.  (The Craig Declaration, the Supplemental Memorandum, and the Blecher Declaration and its accompanying Exhibits are collectively referenced as the "Sealed Documents.")  The Sealed Documents are submitted to the Court in connection with Defendants' pending Renewed Motion to Dismiss to Complaint [*Forum Non Conveniens* and Fed. R. Civ. P. 12(B)(6) and 12(B)(7)] (Dkt. No. 48, "Renewed Motion to Dismiss").

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

I. **BACKGROUND**

The Complaint was filed November 23, 2021.  (Dkt. No. 1.)  On March 3, 2022, Defendants moved to dismiss Plaintiff's Complaint.  (Dkt. No. 28.)  On April 12, 2022, at the parties' joint agreement (Dkt. No. 33) the case was stayed pending further order.  (Dkt. No. 34.)  On June 23, 2022, the stay was extended pending certain appellate proceedings.  (Dkt. No. 40.)  On February 16, 2023, the case was reopened, the stay was lifted, and Defendants were given leave to file a renewed motion to dismiss by March 10, 2023.  (Dkt. No. 46.)  Defendants filed their Renewed Motion to Dismiss on that date.  (Dkt. No. 48.)  Among the grounds cited in Defendants' Renewed Motion to Dismiss is *forum non conveniens*.  (*Id.* at p. 4-8.)

Defendants are constrained as to what they are permitted to say about the Sealed Documents in a public filing; for information about additional matters relevant to this Motion and the Sealed Documents, the Court is respectfully referred to paragraphs 3 through 12 of the accompanying Craig Declaration.

## II.     LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The showing necessary to seal materials depends on how closely related those materials are to the merits of the case. A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.). Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, Defendants seek to file under seal certain paragraphs of the Craig Declaration and certain language in their Supplemental Memorandum in support of the Renewed Motion to Dismiss for *Forum Non Conveniens*, which is not a dispositive motion. A motion to dismiss for *forum non conveniens* is considered a non-dispositive motion for the purpose of sealing because it "does not resolve the merits of the underlying causes of action, and is only tangentially related to the merits." *See Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, 2015 WL 1534049, at *3 (N.D. Cal. Apr. 2, 2015) (citing *Young v. Actions Semiconductor Co.*, 2007 WL 2177028, at *2 (S.D. Cal. July 27, 2007)). Accordingly, the "good cause" standard applies to this Motion. Even if the higher "compelling reasons" standard applied, that standard is met here.

### III. LEGAL ARGUMENT

This Motion is supported by good cause (and to the extent required, by compelling reasons) based on the facts attested to in the Craig Declaration. The Sealed Documents contain highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court. *See, e.g., Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011). Therefore, Defendants now seek leave of this Court to file the Sealed Documents under seal.

Good cause exists to seal each of the Sealed Documents, and Defendants respectfully request that the Court grant this Motion and order the Sealed Documents be kept under seal. For a full description of that good cause, the Court is respectfully referred to paragraphs 3-13 of the accompanying Craig Declaration. Defendants have closely analyzed each of the documents being filed, and for each, Defendants are asking the Court to file under seal only the bare minimum amount necessary.

### IV. CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants respectfully request that the Court grant this Motion and order the Sealed Documents to be kept under seal.

Should the Court deny this Motion, in whole or in part, Defendants request that any portions of the Sealed Documents for which sealing was both requested and denied be considered withdrawn and that any such information not be publicly filed.

DATED: September 26, 2023

KING & SPALDING LLP

By: */s/Aaron S. Craig*
   JOSEPH N. AKROTIRIANAKIS
   AARON S. CRAIG
   Attorneys for Defendants NSO GROUP
   TECHNOLOGIES LIMITED and Q
   CYBER TECHNOLOGIES LIMITED