1  JOSEPH N. AKROTIRIANAKIS (SBN 197971)
    *jakro@kslaw.com*
2  AARON S. CRAIG (SBN 204741)
    *acraig@kslaw.com*
3  KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
    Telephone: (213) 443-4355
5  Facsimile: (213) 443-4310

6  Attorneys for Defendants
    NSO GROUP TECHNOLOGIES LIMITED and
7  Q CYBER TECHNOLOGIES LIMITED

8                      UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                          SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CTBER TECHNOLOGIES LIMITED,<br><br>    Defendants. | Case No. 3:21-cv-09078-JD<br><br>The Honorable James Donato<br><br>**DEFENDANT NSO GROUP TECHNOLOGIES AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR RENEWED MOTION TO DISMISS**<br><br>Action Filed:  November 23, 2021<br>Trial Date:    None Set |

DEFENDANTS' ADMIN. MOT.                                    CASE NO. 3:21-cv-09078-JD
RE: SUPP. MEMO.

Pursuant to Civil Local Rules 7-3(d) and 7-11, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants") respectfully submit this Administrative Motion for Leave to File a Supplemental Memorandum in Support of their Renewed Motion to Dismiss. The supplemental memorandum attached as Exhibit 1, and the two short supporting declarations attached as Exhibits 2 and 3, are required to update the Court concerning recent events that affect the Defendants' ability to litigate effectively in this forum.

## I.   BACKGROUND

On March 10, 2023, Defendants filed their Renewed Motion to Dismiss the Complaint. (*See* Dkt. No. 48.) Among other arguments, the Renewed Motion requests that this lawsuit should be dismissed in favor of proceedings in Israel under the doctrine of *forum non conveniens*. (*See id.* 4:25-8:9.) The Renewed Motion expressly notes the burden that export-control laws impose on the Defendants, including strict limits imposed by Israeli law on the information that the Defendants may disclose outside of Israel. (*See id.* at 6:7-9.)

Defendants, however, are also currently subject to U.S. export-control laws as a result of their placement on the Department of Commerce, Bureau of Industry and Security's Entity List. (*See* Compl. ¶ 43.) As a result, as Apple acknowledges, U.S. entities are prohibited from exporting certain products and services to NSO without a license. (*See id.*) On April 20, 2023, after the Renewed Motion was filed, King & Spalding LLP learned that its application was returned without action and its expected license was not granted. (Declaration of Matthew H. Dawson ¶ 2.) Subsequent negotiations with the U.S. government have not resulted in the granting of a license. (*Id.*)

On May 26, 2023, after all briefing on the Renewed Motion was completed, NSO's e-discovery consultant in other U.S. lawsuits—Deloitte—applied to the U.S. government for a license to provide NSO and Q Cyber with industry-standard e-discovery technology. (*Id.* ¶ 3.) Deloitte's application has not yet been granted. (*Id.*)

On June 8, 2023, NSO applied to the Israeli Ministry of Defense for a license to export information relating to Pegasus to the Court, King & Spalding, Apple, and Apple's counsel under the Israeli export control laws discussed in Defendants' Renewed Motion. (*Id.* ¶ 4.) To date, the

Ministry of Defense has not granted that license. (*Id.*)

On August 24, 2023, after extended negotiations, the parties stipulated to the entry of a limited protective order so that Defendants could seek leave to submit certain confidential materials to the Court in connection with their pending motion to dismiss. (*See* Dkt. No. 52-1 ¶ 1.) The Court entered that order on August 28, 2023 (Dkt. No. 53); Defendants received permission to provide the confidential materials to this Court and to Apple under the limited protective order on September 7, 2023 (Dawson Decl. ¶ 5); and Defendants sought permission to file the confidential materials under seal on September 11, 2023. (Dkt. No. 62.)

Defendants thus seek leave to supplement the existing briefing on their motion to dismiss and to apprise the Court of these recent events. The parties met and conferred about this administrative motion on September 22, 2023. (Dawson Decl. ¶ 6.) Apple indicated that it intends to oppose this motion. (*Id.*).

## II. LEGAL ARGUMENT

Prior court approval is generally required to file any "additional memoranda, papers or letters" after a reply brief is filed. Civil L.R. 7-3(d).[1]

Here, Defendants seek leave to file a short supplemental brief and two supporting declarations, attached to this filing as Exhibits 1 through 3, in connection with their pending motion to dismiss. The supplemental brief and the declarations are required to update the Court concerning the factual developments outlined above, which bear directly on their ability to litigate this matter in this forum. These developments are highly relevant to Defendants' argument that this matter should be dismissed under the doctrine of *forum non conveniens*. Furthermore, as outlined above, these factual developments either arose or did not ripen until after Defendants filed their reply brief on May 5, 2023. At that time, King & Spalding's application to the U.S. government for an export license had only just been returned to it; Deloitte had not yet submitted its own export license application; NSO had not yet applied to the Israeli government for its own export license under Israeli law; NSO did not yet have permission to disclose the confidential

---

[1] Civil Local Rule 7-3(d) contains two exceptions for materials that a party may file as a matter of right. Neither of those exceptions is applicable here.

information set forth in its motion to seal (because no protective order had been entered); and the most relevant of those confidential documents had not yet been finalized.  Good cause thus exists to permit a short supplemental brief and two declarations to provide the requisite factual support. *See FTC - Forward Threat Control, LLC v. Dominion Harbor Enterprises, LLC*, No. 5:19-CV-06590-EJD, 2020 WL 5545156, at *3-4 (N.D. Cal. Sept. 16, 2020) (granting an administrative motion to submit supplemental evidence that was not available at the time of briefing); *see also Brandmeyer v. Regents of Univ. of California*, No. 20-CV-02886-SK, 2020 WL 6816788, at *1 (N.D. Cal. Nov. 10, 2020) (granting leave to submit "additional relevant case law discovered during . . . preparation for oral argument").

### III.  CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant this motion and deem the supplemental memorandum and declarations attached as Exhibits 1 through 3 filed as of the date of the Court's ruling.

Furthermore, Defendants acknowledge that Apple should be permitted to respond to the supplemental memorandum.  Defendants request that any response be limited to ten pages or fewer and that it be filed within seven days of Apple being served with the supplemental materials (i.e., October 3, 2023) or within two court days of this motion being granted, whichever is later.

DATED: September 26, 2023

KING & SPALDING LLP

By: /s/  *Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED