WILMER CUTLER PICKERING
  HALE AND DORR LLP
BENJAMIN A. POWELL (SBN 214728)
  benjamin.powell@wilmerhale.com
WHITNEY RUSSELL (*pro hac vice*)
  whitney.russell@wilmerhale.com
NATALIE BILBROUGH (*pro hac vice*)
  natalie.bilbrough@wilmerhale.com
2100 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: (202) 663-6000

WILMER CUTLER PICKERING
  HALE AND DORR LLP
MARK D. SELWYN (SBN 244180)
  mark.selwyn@wilmerhale.com
ALLISON BINGXUE QUE (SBN 324044)
  allison.que@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94301
Telephone: (650) 858-6000
Facsimile: (650) 858-6100

*Attorneys for Plaintiff Apple Inc.*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>             Plaintiff,<br><br>   v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>             Defendants. | Case No. 3:21-cv-09078-JD<br><br>**PLAINTIFF APPLE INC.'S OPPOSITION TO DEFENDANTS' MOTION FOR LEAVE TO FILE SUPPLEMENTAL MEMORANDUM** |

**PUBLIC VERSION OF DOCUMENT FILED UNDER SEAL**

The Court should deny Defendants' motion for leave, ECF 65, and decline to consider the documents filed under seal by Defendants on September 11 and 26, 2023, ECF 62 and 64, because Defendants offer no adequate basis to overcome this District's and this Court's general prohibition against filing "additional memoranda, papers or letters" "once a reply is filed." L.R. 7-3(d); *see also* Standing Order for Civil Cases Before Judge Donato, ¶ 15 ("Sur-replies are not permitted."). Defendants base their proposed supplemental memorandum on information and documents, many of which they have possessed ██████████████, and Defendants identify no new legal argument or new evidence raised by Apple warranting the lengthy supplemental briefing that they seek. As explained below, Defendants' explanations for failing to address these newly offered materials and facts five months ago in their renewed motion to dismiss or reply are insufficient and misleading. In any event, Defendants' materials demonstrate that this is not a case where the "exceptional tool" of dismissal for *forum non conveniens* should be used. *Glob. Commodities Trading Grp., Inc. v. Beneficio de Arroz Choloma, S.A.*, 972 F.3d 1101, 1111 (9th Cir. 2020).

## BACKGROUND

### A.      Events Prior to the Completion of Renewed Motion to Dismiss Briefing

Defendants first seek to supplement the record with "new" evidence and actions indisputably available to them before their motion to dismiss briefing concluded. ██████████ ████████████████████████████████████████████████████ ████████. ECF 62, Declaration of Aaron Craig ISO Mot. to Seal ("Craig Decl."), ¶¶ 4-8; ECF 62-3, 62-4, 62-5, 62-6. ████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████████ ████████████████████████████████████████████████ ECF 62-6 (emphasis added). On February 21, 2023, Defendants' counsel applied to the U.S. Department of Commerce's Bureau of Industry and Security ("BIS") for a license to export information to Defendants; the "application was returned without action" on April 20, 2023. ECF 65-4, Declaration of Matthew H. Dawson ("Dawson Decl.), ¶ 2. Over two weeks later, the parties

1   completed briefing for Defendants' renewed motion to dismiss on May 5, 2023.  ECF 51.

2   **B.      Events After the Completion of Renewed Motion to Dismiss Briefing**

3   Defendants also base their motion upon three events that occurred after May 5, but

4   Defendants controlled the timing of two of those three events.  ███████████████████

5   ████████████████████████████████████████  Craig Decl., ¶ 9; ECF 62-7.  On May

6   26, 2023, Defendants' vendor Deloitte applied to BIS for an export license permitting it to "export

7   information to the NSO Defendants," and on June 8, 2023, NSO applied to the Israeli Ministry of

8   Defense for an export license permitting it to "export information relating to Pegasus" to the Court,

9   the parties, and their counsel.  Dawson. Decl., ¶¶ 3-4.  On July 14, 2023, Defendants, *for the first*

10  *time*, informed Apple that they had filed ██████████████████████████████████████

11  ███████████████████████████████████████████████████████████████████ , and that

12  Defendants "may now disclose them" in this case provided the parties could stipulate to procedures

13  to treat the documents confidentially.  Declaration of Benjamin Powell ("Powell Decl.") Ex. A.

14  The next business day, on July 17, 2023, Apple agreed to treat these documents consistent with

15  the existing protective order in ██████ and then promptly negotiated a limited protective order for

16  purposes of covering these materials in this case.  *Id*. Ex. A; *Id.* ¶ 3; *see* ECF 52-53.

17  **ARGUMENT**

18  Defendants must seek leave to file their "supplemental memorandum" and accompanying

19  materials because, as they concede (at 2 n.1), the exceptions under L.R. 7-3(d) do not apply to

20  these materials.[1]  Instead, Defendants base their request for a supplemental filing on purported

21  "recent events": (1) the submission and interim status of Defendants' counsel's and vendor's

22  export license applications to BIS and Defendants' submission of an export license application to

23  the Israeli Ministry of Defense; and (2) █████████████████████████████████████████

24  ███████████████████████████ .  *See* Defs.' Adm. Mot. 2.  None of these

---

[1] For this reason, Defendants' cited case of *Brandmeyer v. Regents of University of California* is inapposite; there the court simply allowed a party to "notify the Court of additional relevant case law," 2020 WL 6816788, at *1 (N.D. Cal. Nov. 10, 2020), which is expressly permitted by an exception in L.R. 7-3(d) that Defendants concede does not apply here, Defs.' Adm. Mot. 2 n.1.

1    events justifies the filing of a supplemental memorandum for two reasons.

2        *First*, Defendants' proposed supplemental memorandum—which they refer to as a "sur-

3    reply" in their motion for leave to file under seal, ECF 62 at 2—does not meet the standard for

4    filing surreplies because they are not responding to new argument or evidence raised by Apple.

5    Courts in this District have recognized that surreplies are warranted only "when [the adverse] party

6    'raises a new argument or presents new evidence," to which a party has no opportunity to respond.

7    *In re PersonalWeb Techs., LLC*, 2019 WL 1975432, at *1 (N.D. Cal. Feb. 6, 2019) (quoting *Banga*

8    *v. First USA, N.A.*, 29 F. Supp. 3d 1270, 1276 (N.D. Cal. 2014)); *see also Andersen v. The Schwan*

9    *Food Co.*, 2013 WL 3989562, at *6 (N.D. Cal. Aug. 2, 2013) (denying leave to file a surreply

10   where opposing party "did not raise new issues of law or fact").  Here Apple "did not raise a new

11   legal argument or present new evidence" in its opposition without Defendants having an

12   opportunity to respond (in their Reply), meaning a surreply is "not warranted."  *Banga*, 29 F. Supp.

13   3d at 1276.  As in *Banga*, Defendants' motion should be denied for this reason alone.

14       *Second*, Defendants' reasons for not addressing the events or materials they seek to file at

15   the time of their renewed motion to dismiss or reply are insufficient and incorrect.  Defendants

16   first point to three pending export license applications purportedly requested for purposes of this

17   litigation, but they cannot support their motion for leave on what is essentially the absence of an

18   event—namely, lack of governmental action on those applications.  Defs.' Adm. Mot. 1-2.  That

19   Defendants and their vendor submitted applications after the completion of renewed motion to

20   dismiss briefing (a timing of their own choice) is immaterial to the motion to dismiss.  Importantly,

21   Defendants nowhere argue that these licenses have been *denied*, and instead suggest that

22   negotiations are ongoing.  *See id.*; *see also* Dawson Decl., ¶¶ 2-4 (describing "subsequent

23   discussions" with relevant agencies over licenses that have "not *yet* been granted" (emphasis

24   added)).  Defendants fail to show that negotiations over these licenses could not have been

25   anticipated at the time of their prior briefing, admitting, for example, that King & Spalding's

26   "application was returned without action" more than *two weeks* before they filed their Reply.

27   Dawson Decl. ¶ 2.  At any rate, facts regarding license applications provide no support for delay

28

1  in filing the ███████████████████████████ that Defendants seek to file under seal,

2  which do not relate in any way to those license applications.

3      Next, as to the ██████████████, Defendants incorrectly assert that the lack of a

4  protective order in this case until September 2023 prevented them from filing ██████████.

5  Defs.' Adm. Mot. 2.  That is simply incorrect.  In fact, as of ████████████████████

6  ████████████████████████████████████████████████████████

7  ████████████████████ ECF 62-7.  Defendants simply chose not to make this Court aware

8  of the materials at the time of their renewed motion to dismiss.  *See* ECF 46, 51.  Not until July

9  14, 2023, nearly ████████████████████████████████████████████

10 ████████████████████████████████████████████████████████

11 ████████████████████ Apple agreed on the next business day to treat these documents

12 consistent with ████████████████████████████████████████████

13 ████████████████████ and then promptly negotiated a limited protective order in this case.

14 Powell Decl. Ex. A; *see* ECF 52-53.  Defendants certainly could have sought a similar stipulation

15 as to confidentiality at any earlier point in this proceeding.  It is incorrect to suggest that an

16 agreement to treat these materials confidentially in any way prevented Defendants from raising

17 these materials at an earlier point in these proceedings.

18      Defendants' cited caselaw does not support a contrary conclusion.  In *FTC – Forward*

19 *Threat Control, LLC v. Dominion Harbor Enterprises, LLC*, the court allowed "supplemental

20 evidence" that had been newly obtained through discovery and "was not produced until … after

21 briefing on the motion to dismiss was completed."  2020 WL 5545156, at *3-4 (N.D. Cal. Sept.

22 16, 2020).  The same cannot be said of the materials and declarations NSO now seeks to submit to

23 the Court, which NSO has possessed ████████████████████████████████.  *Supra*

24 1-2.  Even in *FTC*, the court *denied* the request of the party submitting the materials to file

25 additional briefing alongside those materials, as Defendants seek to do here.  2022 WL 554156, at

26 *4.

27      If however, the Court does permit Defendants to file the materials and supplemental

28

1    briefing, it would be unfairly prejudicial to allow Defendants to raise new arguments in their

2    supplemental memorandum without providing Apple with a chance to respond, as Defendants

3    concede, Defs.' Adm. Mot. 3. *Cf. Banga*, 29 F. Supp. 3d at 1276 ("If a party raises a new argument

4    or presents new evidence in a reply brief, a court may consider these matters only if the adverse

5    party is given an opportunity to respond.").[2]  Putting aside that Defendants' proposed briefing

6    schedule, Defs. Adm. Mot. 3, is premature as the Court has not granted their motion, an October

7    3 or "within two court days" deadline is an inadequate and prejudicially brief time for Apple to

8    respond.  Indeed, Defendants' motion is not even submitted for determination until October 3, *see*

9    L.R. 7-11(c) ("Unless otherwise ordered, a Motion for Administrative Relief is deemed submitted

10   for immediate determination … on the day after the opposition is due.").  If the Court ultimately

11   grants Defendants' motion, Apple requests 14 days from the entry of that order to respond.

12          Finally, notwithstanding the procedural impropriety of Defendants' motion, the materials

13   on which they base their request only further demonstrate the merits of Apple's position with

14   regard to the *forum non conveniens* private interest factors, which Apple should have an

15   opportunity to brief.  *See* ECF No. 50, at 5-7.  The discovery issues Defendants attempt to raise

16   are not so extraordinary as to be beyond this Court's case management capabilities.  Specifically,

17   far from showing that Defendants are prohibited from providing relevant information, the ███

18   ████████████████████████████████████████████████████████████████.

19   *See, e.g.*, ECF 62-8, ¶ 5.

20                              **CONCLUSION**

21          Because Defendants fail to identify either any new argument or evidence raised by Apple

22   to which they lacked an opportunity to respond, or any persuasive explanation for why they could

23   not have addressed in their prior briefing the arguments  and most materials they seek to raise here,

24   the Court should deny Defendants' motion and decline to consider the accompanying materials.

25   At minimum, if the Court grants Defendants' motion, Apple requests 14 days from the entry of

26   that order to respond to new arguments and evidence Defendants seek to present for the first time.

27

28   ─────────────────
     [2] Defendants' motion, if allowed, would result in not only their filing of the requested supplemental
     memorandum, but also a response from Apple, and thus burden the Court with additional briefing.

1

Dated:  October 2, 2023

2

WILMER CUTLER PICKERING
 HALE AND DORR LLP

3

By: */s/ Benjamin A. Powell*
BENJAMIN A. POWELL
*Attorney for Plaintiff Apple Inc.*

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28