1   JOSEPH N. AKROTIRIANAKIS (SBN 197971)
      *jakro@kslaw.com*
2   AARON S. CRAIG (SBN 204741)
      *acraig@kslaw.com*
3   KING & SPALDING LLP
    633 West Fifth Street, Suite 1700
4   Los Angeles, CA 90071
    Telephone: (213) 443-4355
5   Facsimile: (213) 443-4310

6   Attorneys for Defendants
    NSO GROUP TECHNOLOGIES LIMITED and
7   Q CYBER TECHNOLOGIES LIMITED

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                        SAN FRANCISCO DIVISION

11

12   APPLE INC.,                          Case No. 3:21-cv-09078-JD

13          Plaintiff,                     Honorable James Donato

14          v.                            **DEFENDANTS NSO GROUP
                                          TECHNOLOGIES LTD. AND Q CYBER
15   NSO GROUP TECHNOLOGIES LIMITED        TECHNOLOGIES LTD.'S
     and Q CYBER TECHNOLOGIES LIMITED,     ADMINISTRATIVE MOTION TO FILE
16                                         UNDER SEAL DEFENDANTS' LOCAL
            Defendants.                    RULE 79-5(F)(3) STATEMENT [RE
17                                         DOCKET NOS. 68-1 AND 68-2]**

18                                         Judge:   Hon. James Donato

19                                         Action Filed:   11/23/2021

20

21

22

23

24

25

26

27

28

---

DEFENDANTS' ADMINISTRATIVE                              CASE NO. 3:21-cv-09078-JD
MOTION TO SEAL

Pursuant to Civil Local Rules 7-11 and 79-5(d) and 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") certain language in paragraphs 3-11 and 13 of the concurrently filed Local Rule 79-5(f)(3) declaration of Aaron Craig ("Craig Declaration.")  The Craig Declaration is filed as Defendants' responsive statement to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. No. 68).[1]

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

## I.    BACKGROUND

The Complaint was filed November 23, 2021.  (Dkt. 1.)  On March 3, 2022, Defendants moved to dismiss Plaintiff's Complaint.  (Dkt. 28.)   On April 12, 2022, at the parties' joint agreement (Dkt. 33) the case was stayed pending further order.  (Dkt. 34.)  On June 23, 2022, the stay was extended pending certain appellate proceedings.  (Dkt. 40.)  On February 16, 2023, the case was reopened, the stay was lifted, and Defendants were given leave to file a renewed motion to dismiss by March 10, 2023.  (Dkt. 46.)  Defendants filed their Renewed Motion to Dismiss on that date.  (Dkt. 48.)  Among the grounds cited in Defendants' Renewed Motion to Dismiss is *forum non conveniens*.  (*Id.* at p. 4-8.)  After Defendants' Renewed Motion to Dismiss was fully briefed, on September 26, 2023, Defendants filed an Administrative Motion for Leave to File a Supplemental Memorandum in Support of their Motion.  (Dkt. 65.)  On October 2, 2023, Plaintiff filed its Opposition (Dkt. 68-1), along with Ex. A, the Declaration of Benjamin A. Powell in Support of its Opposition (Dkt. 68-2) (collectively, the "Sealed Materials").

---

[1] In the Local Rule 79-5(f)(3) Craig Declaration filed concurrently, Defendants further ask the Court to keep under seal the indicated portions of Apple's Opposition and Exhibit A to the Declaration of Benjamin A. Powell, Docket Nos. 67 and 67-2 (redacted versions), 68-1 and 68-2 (sealed versions).

DEFENDANTS' ADMINISTRATIVE
MOTION TO SEAL

1

CASE NO. 3:21-cv-09078-JD

Because the Sealed Materials extensively quoted from and made reference to highly confidential materials, Plaintiff properly filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. No. 68) ("Sealing Administrative Motion"), asking the Court to consider whether the proposed redactions of Defendants' Sealed Materials should be sealed.  Defendants now submit the concurrently filed Craig Declaration as their Local Rule 79-5(f)(3) responsive statement to the Sealing Administrative Motion, to explain why these documents, as well as certain language in paragraphs 3-11 and 13 of the Craig Declaration itself, must be sealed (together with the Sealed Materials, the "Sealed Documents").  Defendants are constrained as to what they are permitted to say about the Sealed Documents in a public filing; for information about additional matters relevant to this Motion and the Sealed Documents, the Court is respectfully referred to paragraphs 3 through 11 of the accompanying Craig Declaration.

## II.    LEGAL STANDARDS

Although courts recognize a general right to inspect and copy public records, "access to judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those materials are to the merits of the case.  A party seeking to seal materials submitted with a motion that is "more than tangentially related to the merits of the case" must demonstrate that there are compelling reasons to keep the documents under seal.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  On the other hand, "[a] party seeking leave to file documents under seal in conjunction with a non-dispositive motion" need only show "good cause exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the "good cause" standard, the relevant inquiry is "whether good cause exists to protect the information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

Here, Defendants seek to file under seal certain paragraphs of the Craig Declaration which is being filed pursuant to Local Rule 79-5(f)(3) in response to Plaintiff's Sealing Administrative

1    Motion (which in turn relates to a motion to dismiss for *forum non conveniens*.)  A motion to

2    dismiss for *forum non conveniens* is considered a non-dispositive motion for the purpose of sealing

3    because it "does not resolve the merits of the underlying causes of action, and is only tangentially

4    related to the merits."  *See Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*,

5    2015 WL 1534049, at *3 (N.D. Cal. Apr. 2, 2015) (citing *Young v. Actions Semiconductor Co*.,

6    2007 WL 2177028, at *2 (S.D. Cal. July 27, 2007)).  Accordingly, the "good cause" standard

7    applies to this Motion.  Even if the higher "compelling reasons" standard applied, that standard is

8    met here.

9    **III.    LEGAL ARGUMENT**

10          This Motion is supported by good cause (and to the extent required, by compelling reasons)

11   based on the facts attested to in the Craig Declaration.  Certain language in the Sealed Materials

12   and Paragraphs 3-11 and 13 of the Craig Declaration contain highly sensitive, non-public

13   information, the disclosure of which would prejudice Defendants and other parties not before the

14   Court.  *See, e.g., Compal Elecs., Inc. v. Apple Inc.,* 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5,

15   2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y.

16   Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011).

17   Therefore, Defendants now seek leave of this Court to file the Sealed Materials and Paragraphs 3-

18   11 and 13 of the Craig Declaration under seal.

19          In two other cases pending in this District, Chief Judge Seeborg and Judge Hamilton

20   recently granted motions to seal the materials referenced in Paragraphs 4-11 of the Craig

21   Declaration, and any documents making reference to those materials.  *See Corallo v. NSO Group*

22   *Tech. Ltd.*, et al., United States District Court Northern District of California, Case No. 3:22-cv-

23   05229-RS, ECF Nos. 86, 95; *see also WhatsApp Inc. v. NSO Group Tech. Ltd*., et al., United States

24   District Court Northern District of California, Case No. 4:19-cv-07123-PJH, ECF No. 217.  This

25   Motion seeks the identical relief.

26          Good cause exists to seal the Sealed Documents, and Defendants respectfully request that

27   the Court grant this Motion and order them be kept under seal.  For a full description of that good

28   cause, the Court is respectfully referred to paragraph 13 of the accompanying Craig Declaration.

Defendants have closely analyzed each of the documents being filed, and for each, Defendants are asking the Court to file under seal only the bare minimum amount necessary.

**IV.     CONCLUSION**

For the reasons set forth above and in the accompanying Craig Declaration, Defendants respectfully request that the Court grant this Motion and order certain language in the Craig Declaration be kept under seal.  In their Local Rule 79-5(f)(3) statement, Defendants further request that the redacted portions of the Sealed Materials filed by Plaintiff, also be kept under seal.

Should the Court deny this Motion, in whole or in part, Defendants request that any portions of the Sealed Documents for which sealing was both requested and denied be considered withdrawn and that any such information not be publicly filed.

DATED: October 9, 2023

KING & SPALDING LLP

By: */s/Aaron S. Craig*
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG
    Attorneys for Defendants NSO GROUP
    TECHNOLOGIES LIMITED and Q
    CYBER TECHNOLOGIES LIMITED