JOSEPH N. AKROTIRIANAKIS (SBN 197971)
 jakro@kslaw.com
AARON S. CRAIG (SBN 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 3:21-cv-09078-JD <br><br> Honorable James Donato <br><br> **DECLARATION OF AARON S. CRAIG IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LTD. AND Q CYBER TECHNOLOGIES LTD.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> **FILED UNDER SEAL - UNREDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED** <br><br> **HIGHLY CONFIDENTIAL— ATTOREYS' EYES ONLY** <br><br> Judge:  Hon. James Donato <br><br> Action Filed:  11/23/2021 |

CRAIG DECL.

I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' October 12, 2023, Administrative Motion to Seal and in support of Defendants' Supplemental Memorandum in Support of Renewed Motion to Dismiss ("Supplemental Memorandum"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed on November 23, 2021. (Dkt. 1.) On March 3, 2022, Defendants moved to dismiss Plaintiff's Complaint. (Dkt. 28.) On April 12, 2022, at the parties' joint agreement (Dkt. 33) the case was stayed pending further order. (Dkt. 34.) On June 23, 2022, the stay was extended pending certain appellate proceedings. (Dkt. 40.) On February 16, 2023, the case was reopened, the stay was lifted, and Defendants were given leave to file a renewed motion to dismiss by March 10, 2023. (Dkt. 46.) Defendants filed their Renewed Motion to Dismiss on that date ("Defendants' Motion"). (Dkt. 48.) Among the grounds cited in Defendants' Motion is *forum non conveniens*. (*Id.* at p. 4-8.)

3. Defendants seek to file under seal documents (the "Sealed Documents"[1]) related to and in connection with Defendants' concurrently filed Supplemental Memorandum. Sealing of the Sealed Documents was (and remains) necessary to ███████████████████████████ ████████████████████████████████████████████████████████████████████ ████████████████ that were filed with this Court under seal on September 11, 2023 (Dkt. 62-2 through 62-8). ████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████ ██████████████████████████████ Nevertheless, the existence of ████████ █████████████████████████████ is material to certain issues in this case, including Defendants' Renewed Motion to Dismiss. The Sealed Documents contain highly sensitive, traditionally nonpublic ███████ information that ████████

---

[1] The Sealed Documents are enumerated in paragraph 12, below.

CRAIG DECL. 1 CASE NO. 3:21-cv-09078-JD

1 ▮
2 ▮
3 ▮ and ▮ militates in favor of
4 this Court's sealing documents that contain references to information that ▮
5 ▮
6 ▮
7 ▮
8     4.    On July 19, 2020, the ▮
9 ▮
10 ▮
11 ▮ The request was presented by ▮ in his capacity as ▮
12 ▮
13 ▮ and ▮
14 ▮ The ▮
15 ▮
16 ▮
17 ▮ The
18 request sought to ▮ from making ▮
19 ▮
20 ▮
21 ▮
22 ▮
23
24 _____
25 [2] ▮
26 ▮
27 ▮
28 [3] The Office of the ▮

1  ██████████████████████████████████████████████████████████
2  ████████████████████████████
3      5.   On July 19, 2020, ████████████████████████████████
4  ██████████████████████████████████████████████████████████
5  ██████████████████████████████████████████████████████████
6  ██████████████████████████████████████████████████████████
7  ██████████████████████████████████████████████████████████
8  ██████████████████████████████████████████████████████████
9  ██████████████████████████████████████████████████████████
10 ██████████████████████████████████████████████████████████
11 ████████████████████   The order authorized the ██████████
12 ██████████████████████████████████████████████████████████
13 ██████████████████████████████████████████████████████████
14 ██████████████████████████████████████████████████████████
15 ████████████████████   The order also authorized █████████
16 ██████████████████████████████████████████████████████████
17 ██████████████████████████████████████████████████████████
18 ████████████████
19     ██    On July 19, 2020, ███████████████████████████████
20 ████████████████████████████████████████████ The letter notified
21 Defendants about the ████████████████████████████████████████
22 ██████████████████████████████████████████████████████████
23 ██████████████████████████████████████████████████████████
24 ██████████████████████████████████████████████████████████
25 ██████████████████████████████████████████████████████████
26 ████████  including a prohibition on ████████████████████
27 ██████████████████████████████████████████████████████████
28

CRAIG DECL.                          3                   CASE NO. 3:21-cv-09078-JD

1  7. On January 10, 2022, ████████████████████
2  ███████████████████████████████████████████████
3  ████████████ in his capacity as ████████████████
4  ███████████████████████████████████████████████
5  ███████████████████████████████████████████████
6  ███████████████████████████████████████████████
7  ███████████████████████████████████████████████
8  ███████████████████████████████████████████████
9  ███████████████████████████████████████████████
10 ███████████████████████████████████████████████
11 ███████████████████████████████████████████████
12 ██████████████
13  █ On January 17, 2022, █████████████████████
14 ████████████████████████████████ The letter notified
15 Defendants about the █████████████████████████
16 ███████████████████████████████████████████████
17 ███████████████████████████████████████████████
18 ███████████████████████████████████████████████
19 ███████████████████████████████████████████████
20 ███████████████████████████████████████████████
21 ███████████████████████████████████████████████
22 ███████████████████████████████████████████████
23 █
24  █ On May 21, 2023, ███████████████████████████
25 ███████████████████████████████████████████████
26 ███████████████████████████████████████████████
27 ████████████████████████████ is filed as Dkt. 62-7. ███
28 ███████████████████████████████████████████████

CRAIG DECL.                    4                    CASE NO. 3:21-cv-09078-JD

1 ███████████████████████████████████████████
2 ███████████████████████████████████████████
3 ███████████████████████████████████████████
4 ███████████████████████████████████████████
5 ███████████████████████████████████████████
6 ███████████████████████████████████████████
7 ███████████████████████████████████████████
8 ███████████████████████████████████████████
9 ██████████████████████████████  ███████████
10 ██████████████████████████████████████████
11 █████████████████████████████████████████
12   ██████████████
13   10.   The information that Defendants ████████████████
14 ██████████████████████████████   At the time Defendants first
15 received ████████████████████████████████████
16 █████████████████████████████████████████
17   11.   The ████████████████████████████████
18 █████████████████████████████████████████
19 █████████████████████████████████████████
20 █████████████████████████████████████████
21 █████████████████████████████████████████
22 █████████████████████████████████████████
23 █████████████████████████████████████████
24 █████████████████████████████████████████
25 █████████████████████████████████████████
26 █████████████████████████████████████████
27 _____
28 4 ███████████████████████████████████████

CRAIG DECL.                    5                    CASE NO. 3:21-cv-09078-JD

1 ████████████████████████████████████████████
2 ████████████████████████████████████████████
3 ████████████████████████████████████████████
4 ████████████████████████████████████████████
5 ████████████████████████████████████████████
6 ████████████████████████████████████

7       12.     Defendants seek to file under seal: (1) Exhibit 1 to this declaration, certain language on pages 1-9 of Defendants' Supplemental Memorandum; (2) Exhibit 2 to this declaration, certain language in paragraphs 2-7 of the Supplemental Declaration of Roy Blecher in Support of Defendants' Renewed Motion to Dismiss and the entirety of Exhibits A through D; and (3) portions of paragraphs 3-11 and 13 of this Declaration.

      13.     Good cause exists to seal each of the above-listed documents because the Sealed Documents come from or make reference to ████████████████████████████████████ which is entitled to deference.

            a.     *First*, the Sealed Documents contain information that relates to ████████████████████████████████████████ As such, the Sealed Documents contain traditionally nonpublic ████████ information for which there is no constitutional right of access. *See, e.g., N.Y. Times Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no constitutional right of access to traditionally nonpublic government information.") The fact that the documents were issued by ████████████████████████████████ and contain ████████████████████████████████████ "alone counsels in favor of finding that there is no presumptive public right of access" to these documents. *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper commissioned by a ruler of a political subdivision of foreign nation because it contained "highly sensitive, traditionally nonpublic government information, in this case of a foreign government"); *see also In re Terrorist Attacks on Sept. 11, 2001*, , 2019 WL 3296959, at

1   *5 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained

2   "traditionally nonpublic information" because the documents involved senior foreign officials,

3   were designated as sensitive at the time of creation, and detailed information about the nation's

4   response to certain investigations).

5          b.      *Second*, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

6   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

7   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

8   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

9   ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

10  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*,

11  482 U.S. 522, 543 n. 27 (1987). ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

12  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  *United States v. Sater*, 2019 WL 3288289, at

13  *4 (E.D.N.Y. July 22, 2019). This is particularly true where, as in this case, the documents sought

14  to be sealed "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

15  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

16  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

17  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

18  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

19  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

20  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

21  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

22  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

23         c.      *Third*, because ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

24  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇  public disclosure of the Sealed Documents

25  could ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

26  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

27  ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

28

1   █████████████████████████████████████████

2  ████

3       14.    Accordingly, good cause (and, if necessary, a compelling reason) exists to seal each of the above-listed documents, and Defendants respectfully request that the Court grant the accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept under seal.

       15.    The Declarant has carefully sought sealing of only those parts of this Declaration as are necessary to comply with other legal obligations binding on Defendants, as described above, and, on behalf of Defendants, respectfully submits that the good cause and compelling reasons standards are met with respect to the Sealed Documents.[5]

       I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 12th day of October 2023, at Los Angeles, California.

                              /s/ *Aaron S. Craig*
                              AARON S. CRAIG

---

[5] To the extent the Court disagrees with Defendants' sealing request, the Declarant respectfully requests that the Sealed Materials and the unredacted version of this Declaration be stricken from the docket of this action and that any copies thereof be destroyed.