JOSEPH N. AKROTIRIANAKIS (SBN 197971)
 jakro@kslaw.com
AARON S. CRAIG (SBN 204741)
 acraig@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC., <br><br> Plaintiff, <br><br> v. <br><br> NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED, <br><br> Defendants. | Case No. 3:21-cv-09078-JD <br><br> Honorable James Donato <br><br> **DEFENDANTS NSO GROUP TECHNOLOGIES LTD. AND Q CYBER TECHNOLOGIES LTD.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DEFENDANTS' LOCAL RULE 79-5(F)(3) STATEMENT [RE DOCKET NOS. 68-1 AND 68-2]** <br><br> Judge:  Hon. James Donato <br><br> Action Filed:  11/23/2021 |

Pursuant to Civil Local Rules 7-11 and 79-5(d) and 79-5(f)(3), Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"), by and through their undersigned counsel, hereby submit this Administrative Motion to File Under Seal (the "Motion") certain language in paragraphs 3-11 and 13 of the concurrently filed Local Rule 79-5(f)(3) declaration of Aaron Craig ("Craig Declaration.") The Craig Declaration is filed as Defendants' responsive statement to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. No. 76).[1]

The Motion is based upon the points and authorities set forth herein, as well as those facts attested to in the accompanying Craig Declaration.

## I. BACKGROUND

The Complaint was filed November 23, 2021. (Dkt. 1.) On March 3, 2022, Defendants moved to dismiss Plaintiff's Complaint. (Dkt. 28.) On April 12, 2022, at the parties' joint agreement (Dkt. 33), the case was stayed pending further order. (Dkt. 34.) On June 23, 2022, the stay was extended pending certain appellate proceedings. (Dkt. 40.) On February 16, 2023, the case was reopened, the stay was lifted, and Defendants were given leave to file a renewed motion to dismiss by March 10, 2023. (Dkt. 46.) Defendants filed their Renewed Motion to Dismiss on that date. (Dkt. 48.) Among the grounds cited in Defendants' Renewed Motion to Dismiss is *forum non conveniens*. (*Id.* at p. 4-8.) On October 11, 2023, the Court granted Defendants' request to file a Supplemental Memorandum in support of their Motion to reflect recent developments, (Dkt. 72), which the Defendants filed on October 12, 2023. (Dkt. 74.) On October 19, 2023, Plaintiff filed its Opposition to the Supplemental Memorandum (the "Sealed Materials"). (Dkt. 76-2.)

Because the Sealed Materials extensively quoted from and made reference to highly confidential materials, Plaintiff properly filed an Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. No. 76) ("Sealing Administrative Motion"),

---

[1] In the Local Rule 79-5(f)(3) Craig Declaration filed concurrently, Defendants further ask the Court to keep under seal the indicated portions of Apple's Opposition to Defendants' Supplemental Memorandum, Docket Nos. 75 (redacted version) and 76-2 (sealed version).

1  asking the Court to consider whether the proposed redactions of Defendants' Sealed Materials
2  should be sealed.  Defendants now submit the concurrently filed Craig Declaration as their Local
3  Rule 79-5(f)(3) responsive statement to the Sealing Administrative Motion, to explain why these
4  documents, as well as certain language in paragraphs 3-11 and 13 of the Craig Declaration itself,
5  must be sealed (together with the Sealed Materials, the "Sealed Documents").  Defendants are
6  constrained as to what they are permitted to say about the Sealed Documents in a public filing; for
7  information about additional matters relevant to this Motion and the Sealed Documents, the Court
8  is respectfully referred to paragraphs 3 through 11 of the accompanying Craig Declaration.

9  **II.    LEGAL STANDARDS**

10 Although courts recognize a general right to inspect and copy public records, "access to
11 judicial records is not absolute." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178
12 (9th Cir. 2006).  The showing necessary to seal materials depends on how closely related those
13 materials are to the merits of the case.  A party seeking to seal materials submitted with a motion
14 that is "more than tangentially related to the merits of the case" must demonstrate that there are
15 compelling reasons to keep the documents under seal.  *Ctr. for Auto Safety v. Chrysler Grp., LLC*,
16 809 F.3d 1092, 1101–02 (9th Cir. 2016).  On the other hand, "[a] party seeking leave to file
17 documents under seal in conjunction with a non-dispositive motion" need only show "good cause
18 exists to file the information under seal." *Uniloc United States of Am., Inc. v. Apple Inc.*, No. 18-
19 cv-00362-PJH, 2018 WL 2392561, at *3 (N.D. Cal. May 25, 2018) (Hamilton, J.).  Under the
20 "good cause" standard, the relevant inquiry is "whether good cause exists to protect the
21 information from being disclosed to the public by balancing the needs for discovery against the
22 need for confidentiality." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs.*, No. C 12-3856 PJH, 2013
23 WL 897914, at *1 (N.D. Cal. Mar. 8, 2013) (Hamilton, J.).

24 Here, Defendants seek to file under seal certain paragraphs of the Craig Declaration which
25 is being filed pursuant to Local Rule 79-5(f)(3) in response to Plaintiff's Sealing Administrative
26 Motion (which in turn relates to a motion to dismiss for *forum non conveniens*.)  A motion to
27 dismiss for *forum non conveniens* is considered a non-dispositive motion for the purpose of sealing
28 because it "does not resolve the merits of the underlying causes of action, and is only tangentially

related to the merits." *See Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, 2015 WL 1534049, at *3 (N.D. Cal. Apr. 2, 2015) (citing *Young v. Actions Semiconductor Co.*, 2007 WL 2177028, at *2 (S.D. Cal. July 27, 2007)). Accordingly, the "good cause" standard applies to this Motion. Even if the higher "compelling reasons" standard applied, that standard is met here.

### III. LEGAL ARGUMENT

This Motion is supported by good cause (and to the extent required, by compelling reasons) based on the facts attested to in the Craig Declaration. Certain language in the Sealed Materials and Paragraphs 3-11 and 13 of the Craig Declaration contain highly sensitive, non-public information, the disclosure of which would prejudice Defendants and other parties not before the Court. *See, e.g., Compal Elecs., Inc. v. Apple Inc.*, 2017 WL 11423604, at *3 (S.D. Cal. Sept. 5, 2017); *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017); *Strauss v. Credit Lyonnais, S.A.*, 2011 WL 4736359, at *5 (E.D.N.Y. Oct. 6, 2011). Therefore, Defendants now seek leave of this Court to file the Sealed Materials and Paragraphs 3-11 and 13 of the Craig Declaration under seal.

In two other cases pending in this District, Chief Judge Seeborg and Judge Hamilton recently granted motions to seal the materials referenced in Paragraphs 4-11 of the Craig Declaration, and any documents making reference to those materials. *See Corallo v. NSO Group Tech. Ltd.*, et al., United States District Court Northern District of California, Case No. 3:22-cv-05229-RS, ECF Nos. 86, 95; *see also WhatsApp Inc. v. NSO Group Tech. Ltd.*, et al., United States District Court Northern District of California, Case No. 4:19-cv-07123-PJH, ECF No. 217. This Motion seeks the identical relief.

Good cause exists to seal the Sealed Documents, and Defendants respectfully request that the Court grant this Motion and order them be kept under seal. For a full description of that good cause, the Court is respectfully referred to paragraph 13 of the accompanying Craig Declaration. Defendants have closely analyzed each of the documents being filed, and for each, Defendants are asking the Court to file under seal only the bare minimum amount necessary.

## IV. CONCLUSION

For the reasons set forth above and in the accompanying Craig Declaration, Defendants respectfully request that the Court grant this Motion and order certain language in the Craig Declaration be kept under seal. In their Local Rule 79-5(f)(3) statement, Defendants further request that the redacted portions of the Sealed Materials filed by Plaintiff, also be kept under seal.

Should the Court deny this Motion, in whole or in part, Defendants request that any portions of the Sealed Documents for which sealing was both requested and denied be considered withdrawn and that any such information not be publicly filed.

DATED: October 25, 2023

KING & SPALDING LLP

By: /s/Aaron S. Craig

JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED