JOSEPH N. AKROTIRIANAKIS (SBN 197971)
*jakro@kslaw.com*
AARON S. CRAIG (SBN 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

APPLE INC.,

Plaintiff,

v.

NSO GROUP TECHNOLOGIES LIMITED and Q CTBER TECHNOLOGIES LIMITED,

Defendants.

Case No. 3:21-cv-09078-JD

The Honorable James Donato

**NOTICE OF ERRATA CONCERNING DEFENDANT NSO GROUP TECHNOLOGIES AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A FURTHER SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR RENEWED MOTION TO DISMISS (DKT. NOS. 80, 81)**

Action Filed: November 23, 2021
Trial Date: None Set

**TO THE COURT AND PLAINTIFF AND ITS COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, "NSO") hereby give notice of the following errata and correction:

- On December 13, 2023, Defendants filed its Administrative Motion for Leave to File a Further Supplemental Memorandum in Support of their Renewed Motion to Dismiss (Dkt. No. 80). The two exhibits to the administrative motion for leave were omitted from the administrative motion in error and inadvertently filed separately from the administrative motion (Dkt. No. 81).

A corrected administrative motion, including the two exhibits, is appended hereto as Exhibit A, and filed concurrently herewith.

Undersigned counsel apologizes to the Court (and its staff) and Plaintiff (and its counsel) for any confusion caused by this inadvertent error and its resultant cluttering of the Court's docket.

DATED: December 13, 2023

KING & SPALDING LLP

By: */s/ Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

# Exhibit A

JOSEPH N. AKROTIRIANAKIS (SBN 197971)
*jakro@kslaw.com*
AARON S. CRAIG (SBN 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

APPLE INC.,

Plaintiff,

v.

NSO GROUP TECHNOLOGIES LIMITED and Q CTBER TECHNOLOGIES LIMITED,

Defendants.

Case No. 3:21-cv-09078-JD

The Honorable James Donato

**DEFENDANT NSO GROUP TECHNOLOGIES AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A FURTHER SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR RENEWED MOTION TO DISMISS**

Action Filed: November 23, 2021
Trial Date: None Set

Pursuant to Civil Local Rules 7-3(d) and 7-11, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, "NSO") respectfully submit this Administrative Motion for Leave to File a Further Supplemental Memorandum in Support of their Renewed Motion to Dismiss. The further supplemental memorandum attached as Exhibit 1, and the short supporting Declaration of Joseph N. Akrotirianakis attached as Exhibit 2, are intended to update the Court concerning important recent events that affect NSO's ability to litigate effectively in this forum. The significant "new facts" necessitating a further supplemental memorandum are:

- Recently, the Department of Commerce, Bureau of Industry and Security ("BIS") conclusively denied Deloitte's license application via its online licensing portal.
- BIS denied Deloitte's application without providing reasoning—other than to state that "NSO is not an acceptable recipient of US-origin items"—and has not returned calls from Deloitte's counsel.

(*See* Exh. 2, Supp. Decl. of Joseph Akrotirianakis ¶ 3.)

## I. BACKGROUND CONCERNING THE RELEVANCE OF THE NEW FACTS TO MATTERS PENDING BEFORE THE COURT

On March 10, 2023, NSO filed its Renewed Motion to Dismiss the Complaint. (*See* Dkt. No. 48.) Among other arguments, the Renewed Motion asks the Court to dismiss this lawsuit in favor of proceedings in Israel under the doctrine of *forum non conveniens*. (*See id.* 4:25-8:9.)

On September 26, 2023, NSO filed a Supplemental Memorandum of Authority in support of its Renewed Motion to Dismiss ("First Supplemental Memorandum") updating the Court on significant events which occurred since the filing of NSO's Motion. (*See* Dkt. No. 74.)

As stated in NSO's First Supplemental Memorandum, on November 4, 2021, BIS restricted certain U.S. exports to NSO. *See* 15 C.F.R. § 744, Supp. 4. BIS entered the "NSO Group" on its Entity List, which prohibits any U.S. entity from exporting items subject to Export Administration Regulations ("EAR") to NSO. *See id.* Under the EAR, "items" include hardware, software, technology, and related technical information that is currently located in—or comes into—the United States. *See id.* §§ 734.3(a)(1), 772.1. BIS may grant licenses authorizing the transfer of

items subject to the EAR to NSO, but it indicated that licenses pertaining to NSO would be subject to a presumption of denial. *See id.* § 744, Supp. 4.

On May 26, 2023, NSO's e-discovery consultant in certain U.S. lawsuits involving NSO's Pegasus technology—Deloitte—applied to BIS for a license to provide NSO and Q Cyber with industry-standard e-discovery technology. (*See* Dkt. No. 74-1 ¶ 4.) In its First Supplemental Memorandum, NSO explained that Deloitte's application had not been granted. (*See id.*)

On October 19, 2023, Plaintiff Apple, Inc. ("Apple") filed a response to NSO's First Supplemental Memorandum. (*See* Dkt. No. 75.) Apple responded that these obstacles to NSO participating in its own defense should be disregarded by the court because it claimed that "no export license application [had] actually been denied." (*Id.*) That is no longer the case.

Recently, however, BIS has conclusively denied Deloitte's license application via its online licensing portal and has not returned calls from Deloitte's counsel. (*See* Ex. 2, Supp. Decl. of Joseph Akrotirianakis ¶ 3.)

NSO thus seeks leave to supplement the existing briefing on its motion to dismiss for the sole purpose of apprising the Court of this recent event and its expected effect on the proceedings before this Court.

The parties met and conferred about this motion by email and videoconference. (Decl. of Matthew H. Dawson ¶ 2.) Apple acknowledged that the denial of Deloitte's license was relevant to the parties' arguments, but determined to oppose the motion regardless. (*See id.*)

## II. LEGAL ARGUMENT

Prior court approval is generally required to file any "additional memoranda, papers or letters" after a reply brief is filed. Civil L.R. 7-3(d).[1]

Here, NSO seeks leave to file a short further supplemental memorandum and a supporting declaration, attached to this filing as Exhibits 1 through 2, in connection with its pending motion to dismiss. The further supplemental memorandum and the declaration are solely intended to update the Court concerning the denial of Deloitte's export license application, which affects

[1] Civil Local Rule 7-3(d) contains two exceptions for materials that a party may file as a matter of right. Neither of those exceptions is applicable here.

NSO's ability to litigate this matter in this forum. These developments are relevant to support NSO's argument that this matter should be dismissed under the doctrine of *forum non conveniens* in favor of refiling in Israel, where no e-discovery technology would need to be exported from the United States in order to comply with Israel's less-burdensome e-discovery requirements. These developments are also relevant to Apple's position that Deloitte's BIS license had not yet been formally denied.

Furthermore, as outlined above, these factual developments either arose or did not ripen until after NSO filed its reply brief on May 5, 2023, or its First Supplemental Memorandum on September 26, 2023. At the time of those earlier filings, BIS had not yet denied Deloitte's export license application. Good cause thus exists to permit a short further supplemental memorandum of two pages (and a one-page declaration) to provide this additional significant fact . *See FTC - Forward Threat Control, LLC v. Dominion Harbor Enterprises, LLC*, No. 5:19-CV-06590-EJD, 2020 WL 5545156, at *3-4 (N.D. Cal. Sept. 16, 2020) (granting an administrative motion to submit supplemental evidence that was not available at the time of briefing); *see also Brandmeyer v. Regents of Univ. of California*, No. 20-CV-02886-SK, 2020 WL 6816788, at *1 (N.D. Cal. Nov. 10, 2020) (granting leave to submit "additional relevant case law discovered during . . . preparation for oral argument").

## III. CONCLUSION

For the reasons set forth above, NSO respectfully requests that the Court grant this motion and deem the further supplemental memorandum and declaration attached as Exhibits 1 through 2 filed as of the date of the Court's ruling.

DATED: December 13, 2023

KING & SPALDING LLP

By: */s/ Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

# EXHIBIT 1

JOSEPH N. AKROTIRIANAKIS (SBN 197971)
*jakro@kslaw.com*
AARON S. CRAIG (SBN 204741)
*acraig@kslaw.com*
MATTHEW NOLLER (Bar No. 325180)
*mnoller@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

APPLE INC.,

Plaintiff,

v.

NSO GROUP TECHNOLOGIES LIMITED and Q CTBER TECHNOLOGIES LIMITED,

Defendants.

Case No. 3:21-cv-09078-JD

Honorable James Donato

**DEFENDANT NSO GROUP TECHNOLOGIES LTD. AND Q CYBER TECHNOLOGIES LTD.'S FURTHER SUPPLEMENTAL MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS**

Date: None set
Courtroom: 11

Action Filed: November 23, 2021

Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. (collectively, "NSO") respectfully request that the Court consider the following Further Supplemental Memorandum detailing recent events which support NSO's Renewed Motion to Dismiss.

## I. Relevant Background

NSO filed its Renewed Motion to Dismiss ("Motion") on March 10, 2023. (*See* Dkt No. 48.) On September 26, 2023, NSO filed a Supplemental Memorandum of Authority in support of its Renewed Motion to Dismiss ("First Supplemental Memorandum") updating the Court on significant events which occurred since the filing of NSO's Motion. (*See* Dkt. No. 74.)

As stated in NSO's First Supplemental Memorandum, on November 4, 2021, the U.S. Department of Commerce restricted certain U.S. exports to NSO. *See* 15 C.F.R. § 744, Supp. 4. The Department's Bureau of Industry and Security ("BIS") entered the "NSO Group" on its Entity List, which prohibits any U.S. entity from exporting items subject to Export Administration Regulations ("EAR") to NSO. *See id.* Under the EAR, "items" include hardware, software, technology, and related technical information that is currently located in—or comes into—the United States. See id. §§ 734.3(a)(1), 772.1. BIS may grant licenses authorizing the transfer of items subject to the EAR to NSO, but it indicated that licenses pertaining to NSO would be subject to a presumption of denial. *See id.* § 744, Supp. 4.

On May 26, 2023, NSO's e-discovery consultant in certain U.S. lawsuits involving NSO's Pegasus technology—Deloitte—applied to BIS for a license to provide NSO and Q Cyber with industry-standard e-discovery technology. (*See id.* Dkt. No. 74-1 ¶ 4.) At the time of filing of NSO's First Supplemental Memorandum, NSO explained that Deloitte's application had not been granted. (*See id.*)

On October 19, 2023, Plaintiff Apple, Inc. ("Apple") filed a response to NSO's Supplemental Memorandum. (*See* Dkt. No. 75.) Apple responded that these obstacles to NSO participating in its own defense should be disregarded by the court because it claimed that "no export license application [had] actually been denied." (*Id.*) That is no longer the case.

## II. Deloitte's License Application Has Now Been Denied

Recently, BIS conclusively denied Deloitte's license application via its online licensing portal without providing reasoning—other than to state that "NSO is not an acceptable recipient of US-origin items"—and has not returned calls from Deloitte's counsel. (*See* Supp. Decl. of Joseph N. Akrotirianakis ¶ 3.) As a result, it appears that neither Deloitte, nor any other e-discovery provider operating in the United States, will be able to help NSO collect, host, review and search for documents relevant to this litigation, which will substantially impair NSO's ability to participate in its own defense. (*Id.* ¶ 2, 3.) These developments support NSO's argument that this matter should be dismissed under the doctrine of *forum non conveniens* in favor of refiling in Israel, where no e-discovery technology would need to be transferred from the United States in order to comply with Israel's less-burdensome e-discovery requirements, which could be met with non-US-based technology solutions available to NSO.

These developments are also relevant to rebut Apple's position that Deloitte's BIS license had not yet been formally denied.

**III. Conclusion**

For the reasons stated in NSO's initial briefing, its First Supplemental Memorandum, and this further Supplemental Memorandum, the Court should dismiss these proceedings in favor of Israeli litigation under the doctrine of *forum non conveniens*.

DATED: December 13, 2023

KING & SPALDING LLP

By: */s/ Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

# EXHIBIT 2

JOSEPH N. AKROTIRIANAKIS (SBN 197971)
*jakro@kslaw.com*
AARON S. CRAIG (SBN 204741)
*acraig@kslaw.com*
MATTHEW NOLLER (Bar No. 325180)
*mnoller@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

APPLE INC.,

Plaintiff,

v.

NSO GROUP TECHNOLOGIES LIMITED and Q CTBER TECHNOLOGIES LIMITED,

Defendants.

Case No. 3:21-cv-09078-JD

Honorable James Donato

**SUPPLEMENTAL DECLARATION OF JOSEPH N. AKROTIRIANAKIS IN SUPPORT OF DEFENDANT NSO GROUP TECHNOLOGIES AND Q CYBER TECHNOLOGIES LIMITED'S RENEWED MOTION TO DISMISS**

Date: None set
Courtroom: 11

Action Filed: November 23, 2021

I, Joseph N. Akrotirianakis, declare as follows:

1. I am an attorney licensed to practice law in the State of California. I am a partner at the law firm of King & Spalding LLP, and I am lead counsel for Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively "NSO Defendants") in the above-entitled action. Except as otherwise stated, I have personal knowledge of the facts set forth below and could competently testify to each fact averred.

2. NSO's e-discovery consultant in certain U.S. lawsuits involving the Pegasus technology, Deloitte, is represented by separate counsel. Based on my discussions with that counsel, I understand that on May 26, 2023, Deloitte applied to Department of Commerce's Bureau of Industry and Security ("BIS") for a license that would permit Deloitte to provide the NSO Defendants with the industry-standard e-discovery technology necessary for any party to complex litigation in the United States to comply with discovery obligations

3. After Judge Hamilton denied NSO's Motion to Dismiss for *forum non conveniens* in the case of *WhatsApp Inc. v. NSO Group Tech. Ltd.*, Case No. 4:19-cv-07123-PJH, I was informed that BIS denied Deloitte's license application to export US-origin hardware, software, and technology to NSO as its e-discovery vendor. I further understand BIS never responded to Deloitte's counsel's calls and simply issued this denial via the SNAP-R online licensing portal. BIS has not provided any reasoning for its decision, other than to summarily state, "NSO is not an acceptable recipient of US-origin items."

I declare under penalty of perjury that the foregoing is true and correct. Executed December 13, 2023, at Los Angeles, California.

*/s/ Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS