1  JOSEPH N. AKROTIRIANAKIS (SBN 197971)
   *jakro@kslaw.com*
2  AARON S. CRAIG (SBN 204741)
   *acraig@kslaw.com*
3  KING & SPALDING LLP
   633 West Fifth Street, Suite 1700
4  Los Angeles, CA 90071
   Telephone: (213) 443-4355
5  Facsimile: (213) 443-4310

6  Attorneys for Defendants
   NSO GROUP TECHNOLOGIES LIMITED and
7  Q CYBER TECHNOLOGIES LIMITED

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                      SAN FRANCISCO DIVISION

11

12 | APPLE INC.,                                  | Case No. 3:21-cv-09078-JD
13 |     Plaintiff,                               | The Honorable James Donato
14 |     v.                                       | **DEFENDANT NSO GROUP TECHNOLOGIES AND Q CYBER TECHNOLOGIES LIMITED'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE A FURTHER SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR RENEWED MOTION TO DISMISS**
15 | NSO GROUP TECHNOLOGIES LIMITED and Q CTBER TECHNOLOGIES LIMITED, |
16 |     Defendants.                              |
17 |                                              |
18 |                                              | Action Filed: November 23, 2021
   |                                              | Trial Date:   None Set

Pursuant to Civil Local Rules 7-3(d) and 7-11, Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, "NSO") respectfully submit this Administrative Motion for Leave to File a Further Supplemental Memorandum in Support of their Renewed Motion to Dismiss. The further supplemental memorandum attached as Exhibit 1, and the short supporting Declaration of Joseph N. Akrotirianakis attached as Exhibit 2, are intended to update the Court concerning important recent events that affect NSO's ability to litigate effectively in this forum. The significant "new facts" necessitating a further supplemental memorandum are:

- Recently, the Department of Commerce, Bureau of Industry and Security ("BIS") conclusively denied Deloitte's license application via its online licensing portal.
- BIS denied Deloitte's application without providing reasoning—other than to state that "NSO is not an acceptable recipient of US-origin items"—and has not returned calls from Deloitte's counsel.

(*See* Exh. 2, Supp. Decl. of Joseph Akrotirianakis ¶ 3.)

### I. BACKGROUND CONCERNING THE RELEVANCE OF THE NEW FACTS TO MATTERS PENDING BEFORE THE COURT

On March 10, 2023, NSO filed its Renewed Motion to Dismiss the Complaint. (*See* Dkt. No. 48.) Among other arguments, the Renewed Motion asks the Court to dismiss this lawsuit in favor of proceedings in Israel under the doctrine of *forum non conveniens*. (*See id.* 4:25-8:9.)

On September 26, 2023, NSO filed a Supplemental Memorandum of Authority in support of its Renewed Motion to Dismiss ("First Supplemental Memorandum") updating the Court on significant events which occurred since the filing of NSO's Motion. (*See* Dkt. No. 74.)

As stated in NSO's First Supplemental Memorandum, on November 4, 2021, BIS restricted certain U.S. exports to NSO. *See* 15 C.F.R. § 744, Supp. 4. BIS entered the "NSO Group" on its Entity List, which prohibits any U.S. entity from exporting items subject to Export Administration Regulations ("EAR") to NSO. *See id.* Under the EAR, "items" include hardware, software, technology, and related technical information that is currently located in—or comes into—the United States. *See id.* §§ 734.3(a)(1), 772.1. BIS may grant licenses authorizing the transfer of

items subject to the EAR to NSO, but it indicated that licenses pertaining to NSO would be subject to a presumption of denial.  *See id.* § 744, Supp. 4.

On May 26, 2023, NSO's e-discovery consultant in certain U.S. lawsuits involving NSO's Pegasus technology—Deloitte—applied to BIS for a license to provide NSO and Q Cyber with industry-standard e-discovery technology.  (*See* Dkt. No. 74-1 ¶ 4.)  In its First Supplemental Memorandum, NSO explained that Deloitte's application had not been granted.  (*See id.*)

On October 19, 2023, Plaintiff Apple, Inc. ("Apple") filed a response to NSO's First Supplemental Memorandum.  (*See* Dkt. No. 75.)  Apple responded that these obstacles to NSO participating in its own defense should be disregarded by the court because it claimed that "no export license application [had] actually been denied." (*Id.*)  That is no longer the case.

Recently, however, BIS has conclusively denied Deloitte's license application via its online licensing portal and has not returned calls from Deloitte's counsel.  (*See* Ex. 2, Supp. Decl. of Joseph Akrotirianakis ¶ 3.)

NSO thus seeks leave to supplement the existing briefing on its motion to dismiss for the sole purpose of apprising the Court of this recent event and its expected effect on the proceedings before this Court.

The parties met and conferred about this motion by email and videoconference.  (Decl. of Matthew H. Dawson ¶ 2.)  Apple acknowledged that the denial of Deloitte's license was relevant to the parties' arguments, but determined to oppose the motion regardless.  (*See id.*)

## II. LEGAL ARGUMENT

Prior court approval is generally required to file any "additional memoranda, papers or letters" after a reply brief is filed.  Civil L.R. 7-3(d).[1]

Here, NSO seeks leave to file a short further supplemental memorandum and a supporting declaration, attached to this filing as Exhibits 1 through 2, in connection with its pending motion to dismiss.  The further supplemental memorandum and the declaration are solely intended to update the Court concerning the denial of Deloitte's export license application, which affects

---

[1]   Civil Local Rule 7-3(d) contains two exceptions for materials that a party may file as a matter of right.  Neither of those exceptions is applicable here.

1  NSO's ability to litigate this matter in this forum. These developments are relevant to support
2  NSO's argument that this matter should be dismissed under the doctrine of *forum non conveniens*
3  in favor of refiling in Israel, where no e-discovery technology would need to be exported from the
4  United States in order to comply with Israel's less-burdensome e-discovery requirements. These
5  developments are also relevant to Apple's position that Deloitte's BIS license had not yet been
6  formally denied.

7  Furthermore, as outlined above, these factual developments either arose or did not ripen
8  until after NSO filed its reply brief on May 5, 2023, or its First Supplemental Memorandum on
9  September 26, 2023. At the time of those earlier filings, BIS had not yet denied Deloitte's export
10 license application. Good cause thus exists to permit a short further supplemental memorandum
11 of two pages (and a one-page declaration) to provide this additional significant fact . *See FTC -*
12 *Forward Threat Control, LLC v. Dominion Harbor Enterprises, LLC*, No. 5:19-CV-06590-EJD,
13 2020 WL 5545156, at *3-4 (N.D. Cal. Sept. 16, 2020) (granting an administrative motion to submit
14 supplemental evidence that was not available at the time of briefing); *see also Brandmeyer v.*
15 *Regents of Univ. of California*, No. 20-CV-02886-SK, 2020 WL 6816788, at *1 (N.D. Cal. Nov.
16 10, 2020) (granting leave to submit "additional relevant case law discovered during . . . preparation
17 for oral argument").

18 **III.    CONCLUSION**

19 For the reasons set forth above, NSO respectfully requests that the Court grant this motion
20 and deem the further supplemental memorandum and declaration attached as Exhibits 1 through 2
21 filed as of the date of the Court's ruling.

22 DATED: December 13, 2023        KING & SPALDING LLP

23                                  By:  */s/ Joseph N. Akrotirianakis*
24                                       JOSEPH N. AKROTIRIANAKIS
                                         AARON S. CRAIG
25
26                                  Attorneys for Defendants NSO GROUP
                                    TECHNOLOGIES LIMITED and Q
27                                  CYBER TECHNOLOGIES LIMITED

28