# EXHIBIT 1

JOSEPH N. AKROTIRIANAKIS (SBN 197971)
  jakro@kslaw.com
AARON S. CRAIG (SBN 204741)
  acraig@kslaw.com
MATTHEW NOLLER (Bar No. 325180)
  mnoller@kslaw.com
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CTBER TECHNOLOGIES LIMITED,<br><br>    Defendants. | Case No. 3:21-cv-09078-JD<br><br>Honorable James Donato<br><br>**DEFENDANT NSO GROUP TECHNOLOGIES LTD. AND Q CYBER TECHNOLOGIES LTD.'S FURTHER SUPPLEMENTAL MEMORANDUM IN SUPPORT OF RENEWED MOTION TO DISMISS**<br><br>Date: None set<br>Courtroom: 11<br><br>Action Filed: November 23, 2021 |

Defendants NSO Group Technologies Ltd. and Q Cyber Technologies Ltd. (collectively, "NSO") respectfully request that the Court consider the following Further Supplemental Memorandum detailing recent events which support NSO's Renewed Motion to Dismiss.

## I.      Relevant Background

NSO filed its Renewed Motion to Dismiss ("Motion") on March 10, 2023. (*See* Dkt No. 48.) On September 26, 2023, NSO filed a Supplemental Memorandum of Authority in support of its Renewed Motion to Dismiss ("First Supplemental Memorandum") updating the Court on significant events which occurred since the filing of NSO's Motion. (*See* Dkt. No. 74.)

As stated in NSO's First Supplemental Memorandum, on November 4, 2021, the U.S. Department of Commerce restricted certain U.S. exports to NSO. *See* 15 C.F.R. § 744, Supp. 4. The Department's Bureau of Industry and Security ("BIS") entered the "NSO Group" on its Entity List, which prohibits any U.S. entity from exporting items subject to Export Administration Regulations ("EAR") to NSO. *See id.* Under the EAR, "items" include hardware, software, technology, and related technical information that is currently located in—or comes into—the United States. See id. §§ 734.3(a)(1), 772.1. BIS may grant licenses authorizing the transfer of items subject to the EAR to NSO, but it indicated that licenses pertaining to NSO would be subject to a presumption of denial. *See id.* § 744, Supp. 4.

On May 26, 2023, NSO's e-discovery consultant in certain U.S. lawsuits involving NSO's Pegasus technology—Deloitte—applied to BIS for a license to provide NSO and Q Cyber with industry-standard e-discovery technology. (*See id.* Dkt. No. 74-1 ¶ 4.) At the time of filing of NSO's First Supplemental Memorandum, NSO explained that Deloitte's application had not been granted. (*See id.*)

On October 19, 2023, Plaintiff Apple, Inc. ("Apple") filed a response to NSO's Supplemental Memorandum. (*See* Dkt. No. 75.) Apple responded that these obstacles to NSO participating in its own defense should be disregarded by the court because it claimed that "no export license application [had] actually been denied." (*Id.*) That is no longer the case.

## II.     Deloitte's License Application Has Now Been Denied

1    Recently, BIS conclusively denied Deloitte's license application via its online licensing portal without providing reasoning—other than to state that "NSO is not an acceptable recipient of US-origin items"—and has not returned calls from Deloitte's counsel.  (*See* Supp. Decl. of Joseph N. Akrotirianakis ¶ 3.)  As a result, it appears that neither Deloitte, nor any other e-discovery provider operating in the United States, will be able to help NSO collect, host, review and search for documents relevant to this litigation, which will substantially impair NSO's ability to participate in its own defense.  (*Id.* ¶ 2, 3.)  These developments support NSO's argument that this matter should be dismissed under the doctrine of *forum non conveniens* in favor of refiling in Israel, where no e-discovery technology would need to be transferred from the United States in order to comply with Israel's less-burdensome e-discovery requirements, which could be met with non-US-based technology solutions available to NSO.

These developments are also relevant to rebut Apple's position that Deloitte's BIS license had not yet been formally denied.

### III.    Conclusion

For the reasons stated in NSO's initial briefing, its First Supplemental Memorandum, and this further Supplemental Memorandum, the Court should dismiss these proceedings in favor of Israeli litigation under the doctrine of *forum non conveniens*.

DATED: December 13, 2023

KING & SPALDING LLP

By: /s/ Joseph N. Akrotirianakis
    JOSEPH N. AKROTIRIANAKIS
    AARON S. CRAIG

    Attorneys for Defendants NSO GROUP
    TECHNOLOGIES LIMITED and Q
    CYBER TECHNOLOGIES LIMITED