| | |
|---|---|
| WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>BENJAMIN A. POWELL (SBN 214728)<br>  benjamin.powell@wilmerhale.com<br>DAVID W. BOWKER (SBN 200516)<br>  david.bowker@wilmerhale.com<br>WHITNEY RUSSELL (*pro hac vice*)<br>  whitney.russell@wilmerhale.com<br>NATALIE BILBROUGH (*pro hac vice*)<br>  natalie.bilbrough@wilmerhale.com<br>2100 Pennsylvania Ave. NW<br>Washington, DC 20037<br>Telephone: (202) 663-6000 | WILMER CUTLER PICKERING<br>  HALE AND DORR LLP<br>MARK D. SELWYN (SBN 244180)<br>  mark.selwyn@wilmerhale.com<br>ALLISON BINGXUE QUE (SBN 324044)<br>  allison.que@wilmerhale.com<br>2600 El Camino Real, Suite 400<br>Palo Alto, CA 94301<br>Telephone: (650) 858-6000 |

*Attorneys for Plaintiff Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>                    Plaintiff,<br><br>     v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>                    Defendants. | Case No. 3:21-cv-09078-JD<br><br>**PLAINTIFF APPLE INC.'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE A FURTHER SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR RENEWED MOTION TO DISMISS** |

1    The Court should deny Defendants' administrative motion to file a second supplemental brief because it is an improper sur-reply to the fully briefed issue raised in Defendants' renewed motion to dismiss for *forum non conveniens*. Defendants claim to notify the Court of a "new" fact—*i.e.*, the denial of a third-party license application—but their administrative motion and proposed second supplemental brief simply rehash their previous arguments. The motion should be denied for this reason alone. Further, neither the fact of the application denial nor Defendants' arguments come close to overcoming the numerous factors that require this case to go forward in this forum, including Defendants' agreement to litigate in California via the binding forum selection clause and Plaintiff Apple's choice to litigate in its home forum. Defendants seek to improperly leverage issues that have flowed from their misconduct and position on the Entity List to avoid accountability in this Court and create even greater burdens on proceeding if this case were moved to Israel. There is no showing that these issues are beyond the capability of the parties and this Court to resolve any discovery issues that may arise as this case proceeds, nor that moving the case to Israel would result in greater convenience or efficiency.

**BACKGROUND**

The parties completed briefing for Defendants' renewed motion to dismiss for *forum non conveniens* in early May 2023. ECF 48, 50, 51. Defendants contend that later that month, their e-discovery vendor Deloitte applied to BIS for an export license to obtain permission to "export information to the NSO Defendants." ECF 65-4 at ¶¶ 3-4. In September 2023, Defendants asked for leave to file a supplemental brief in support of their motion to dismiss, which was granted. ECF 65, 72. Defendants argued that, "if this litigation were to proceed in the United States, . . . NSO would have difficulty meeting its discovery obligations" because by that point Deloitte "ha[d] not been able to obtain a license to provide NSO with basic e-discovery software." ECF 74 at 7. Apple filed a response explaining why Defendants' supplemental brief does not help them meet the heavy burden to obtain dismissal on *forum non conveniens* grounds. ECF 75. Now, two months later, Defendants seek through an administrative motion to file yet another supplemental brief based on the denial of Deloitte's export license application to support their motion to dismiss.

ECF 83.  Notably, Defendants have omitted from their submission Deloitte's license application, the notice of denial, the date on which the application was denied, and the date on which Defendants were made aware of the denial.  ECF 83-1 at 4 (stating only that the license was denied "[r]ecently").

**ARGUMENT**

**I.   Defendants' Administrative Motion Is Procedurally Improper**

Defendants' administrative motion should be denied as procedurally improper.  Defendants try to justify additional filings on a purportedly new fact—the denial of Deloitte's export license application—but then misuse most of their proposed supplemental brief to reargue an issue that "ha[s] been fully briefed and need[s] no response."  *Opticurrent, LLC v. Power Integrations, Inc.*, 2018 WL 6727826, at *17 (N.D. Cal. Dec. 21, 2018) (denying administrative motion).  This is improper, as demonstrated in the case cited by Defendants, *FTC – Forward Threat Control, LLC v. Dominion Harbor Enterprises, LLC*, where the court *denied* the request of the party submitting the materials to file additional briefing alongside those materials, just as Defendants seek to do here by submitting extraneous argument.  2020 WL 5545156, at *4.  And Defendants' other case is easily distinguishable because it concerned neither new evidence nor additional briefing; the court there simply allowed a party to "notify the Court of additional relevant case law," 2020 WL 6816788, at *1 (N.D. Cal. Nov. 10, 2020), which is expressly permitted by an exception in L.R. 7-3(d) that Defendants concede does not apply here.  There is no need for further briefing on the issue of the purported relevance of Deloitte's export application.

**II.   Defendants' Proposed Supplemental Brief Does Not Salvage Their Meritless *Forum Non Conveniens* Argument**

Further, Defendants' vague description of the recent denial of Deloitte's export license application lacks the most basic facts and adds no support to their motion to dismiss on *forum non conveniens* grounds.  As relevant here, the following points made in Apple's opposition to Defendant's original motion to dismiss (ECF 50) and opposition to Defendants' first supplemental brief (ECF 75) still stand:

*First*, contrary to their assertion, Defendants have not shown that the denial of Deloitte's export license application will "substantially impair" their ability to participate in discovery. ECF 83-1 at 2. Defendants do not contend that they must directly possess Deloitte's e-discovery software (i.e., computer program source code) to engage in discovery. And the U.S. Export Administration Regulations ("EAR") do not bar Defendants from using Deloitte's services while a third party hosts Deloitte's software. *See* U.S. Dept. of Commerce, Bureau of Industry & Security, Advisory Op. dated Jan. 13, 2009 at 2, https://tinyurl.com/4absdp95 ("[T]he service of providing computational capacity would not be subject to the EAR as the service provider is not shipping or transmitting any commodity, software, or technology to the user."). Moreover, Deloitte is not prohibited from providing its e-discovery software to entities that are not subject to the Entity List, including Defendants' U.S. counsel, who could presumably handle e-discovery on Defendants' behalf without furnishing the e-discovery software code to Defendants. ECF 75 at 9. But even assuming Deloitte were, as Defendants suggest, barred from providing services utilizing Deloitte's software to Defendants or their counsel, Defendants nonetheless fail to address whether there are suitable e-discovery software options not subject to the EAR. *See* EAR §§ 734.3(a), 734.3(b)(3), 742.15(b). Because the denial of Deloitte's export license application does not rise to the level of depriving Defendants of their day in court, and because it is irrelevant to any public interest factor, their newly identified development cannot overcome the parties' forum selection clause. *See* ECF 75 at 2-7.

*Second*, and ultimately, the denial of Deloitte's application does not alter Apple's point that both the U.S. and Israeli export control laws and other restrictions cited by NSO in its first supplemental brief would still apply even if the suit were litigated in Israel. ECF 75 at 9. Nor can it overcome the "strong presumption in favor of [plaintiff Apple]'s choice of forum." ECF 50 at 8; *see also* ECF 75 at 7-10. Thus, the private-factor analysis—which is irrelevant here as a matter of law because of the binding forum-selection clause—remains undisturbed. *Id.*

## CONCLUSION

For the foregoing reasons, the Court should deny Defendants' administrative motion to file

a second supplemental brief in support of their motion to dismiss for *forum non conveniens*.

Dated:  December 18, 2023

WILMER CUTLER PICKERING
 HALE AND DORR LLP

By: */s/ Benjamin A. Powell*
BENJAMIN A. POWELL
*Attorney for Plaintiff Apple Inc.*