JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
*jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
*acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

APPLE INC.,

Plaintiff,

v.

NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,

Defendants.

Case No. 3:21-cv-09078-JD

Hon. James Donato

**ANSWER OF DEFENDANTS NSO GROUP TECHNOLOGIES LIMITED AND Q CYBER TECHNOLOGIES LIMITED**

Action Filed: 11/23/2021

Defendants NSO Group Technologies Limited ("NSO") and Q Cyber Technologies Limited ("Q Cyber") answer the Complaint of Plaintiff Apple Inc. as follows. (The paragraph numbering in Paragraphs 1-97 of this Answer corresponds to the numbering in Paragraphs 1-97 of the Complaint (Dkt. No. 1).)

1. Defendants admit that the Complaint includes Apple's allegations against Defendants. Defendants deny that Apple's allegations are accurate and deny that Apple is entitled to any of its requested relief.

**INTRODUCTION**

2. Denied.

3. Defendants admit that the U.S. Commerce Department added NSO to the Bureau of Industry and Security Entity List. Defendants admit that the quoted language appears on the cited webpage but deny that the language is accurate. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 3 of the Complaint.

4. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4, and on that basis deny each and every allegation contained therein.

5. Defendants admit that the Complaint includes Apple's allegations against Defendants but deny that those allegations are accurate or support any claim for relief. Defendants admit they did not breach data contained on Apple's servers. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 5 of the Complaint.

6. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 6, and on that basis deny each and every allegation contained therein.

7. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 7, and on that basis deny each and every allegation contained therein.

8. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 8, and on that basis deny each and every allegation

contained therein.

9. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis deny each and every allegation contained therein.

10. Denied.

11. Denied.

12. Defendants admit that the language quoted in Paragraph 12 appears on the websites cited in the footnotes to Paragraph 12, but Paragraph 12 takes that language out of context, and Defendants deny that Paragraph 12 accurately characterizes the quoted language. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 12 of the Complaint.

13. Denied.

14. Defendants admit they asserted a (meritorious) sovereign immunity defense in the *WhatsApp* litigation and that the Ninth Circuit (erroneously) rejected that defense. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 14 of the Complaint.

**THE PARTIES**

15. Admitted.

16. Defendants admit NSO was incorporated in Israel as alleged and is a subsidiary of Q Cyber. Except as so admitted, defendants deny each and every allegation contained in Paragraph 16 of the Complaint.

17. Defendants admit Q Cyber was incorporated in Israel as alleged. Except as so admitted, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 17, and on that basis deny each and every allegation contained therein.

18. This paragraph contains legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 18.

**JURISDICTION AND VENUE**

19. Defendants deny the Court has subject matter jurisdiction of this action and, in making this Answer, Defendants do not concede the Court has subject matter jurisdiction over this

proceeding and reserve all rights to contest subject matter jurisdiction.

20. Defendants deny the Court has subject matter jurisdiction of this action.

21. Defendants deny the Court has subject matter jurisdiction of this action and, accordingly, deny that the Court has supplemental jurisdiction over the remaining state law claim.

22. Denied.

23. This paragraph contains legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 23.

24. Denied.

25. Defendants admit that NSO received funding from a San Francisco-based firm from March 2014 until February 2019. Defendants admit that NSO's founders reacquired NSO with Novalpina Capital in February 2019. Defendants admit that Berkeley Research Group managed the fund that owns a majority stake in NSO from July 2021 until early 2023. Defendants admit that, in the past, WestBridge Technologies, Inc., marketed certain of Defendants' products. Except as so admitted, defendants deny each and every allegation contained in Paragraph 25 of the Complaint.

26. Denied.

27. Denied.

28. Denied.

**INTRADISTRICT ASSIGNMENT**

29. This paragraph contains legal conclusions for which no answer is required. To the extent an answer is required, Defendants deny the allegations in Paragraph 29 on the basis that the Court lacks subject matter jurisdiction over this action.

**FACTS**

30. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and on that basis deny each and every allegation contained therein.

31. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint, and on that basis deny each and

every allegation contained therein.

32. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and on that basis deny each and every allegation contained therein.

33. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and on that basis deny each and every allegation contained therein.

34. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and on that basis deny each and every allegation contained therein.

35. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and on that basis deny each and every allegation contained therein.

36. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and on that basis deny each and every allegation contained therein.

37. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and on that basis deny each and every allegation contained therein.

38. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and on that basis deny each and every allegation contained therein.

39. Defendants deny the allegations in Paragraph 39 to the extent they relate to Defendants. To the extent the allegations in Paragraph 39 relate to actors other than Defendants, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 39, and on that basis deny each and every allegation contained therein.

40. Defendants admit NSO has developed a suite of technologies known as Pegasus

that allows sovereign governments and government agencies to conduct lawful law-enforcement investigations and intelligence gathering. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 40 of the Complaint.

41. Defendants admit that sovereign governments and government agencies may use Pegasus to collect information from mobile devices. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 41 of the Complaint.

42. Defendant admit that the content of the "report[s]" referenced in Paragraph 42 can be found at the URLs cited in footnotes to that paragraph. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 42 of the Complaint.

43. Defendants admit that the U.S. Commerce Department added NSO to the Bureau of Industry and Security Entity List on November 4, 2021. Defendants admit that the quoted language appears on the cited webpage but deny that the Commerce Department's allegations are accurate. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 43 of the Complaint.

44. Defendant admit that the content of the "report" referenced in Paragraph 44 can be found at the URL cited in footnote 22. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 44 of the Complaint.

45. Defendants deny that Paragraph 45 accurately characterizes the quoted language. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint, and on that basis deny each and every allegation contained therein.

46. Denied.

47. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and on that basis deny each and every allegation contained therein.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Defendants admit that sovereign governments and government agencies may use Pegasus to collect information from mobile devices. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 52 of the Complaint.

53. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and on that basis deny each and every allegation contained therein.

54. Denied.

55. Denied.

56. Denied.

57. Denied.

58. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint, and on that basis deny each and every allegation contained therein.

59. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint, and on that basis deny each and every allegation contained therein.

60. Denied.

61. Denied.

## CLAIMS FOR RELIEF

### Count One

### Violations of Computer Fraud and Abuse Act

### 18 U.S.C. § 1030

62. Defendants repeat and incorporate their foregoing admissions and denials as if fully set forth herein.

63. Defendants repeat and incorporate their foregoing admissions and denials as if fully set forth herein.

64. This paragraph contains a legal conclusion for which no answer is required. To the

extent an answer is required, Defendants deny the allegations in this paragraph.

65. This paragraph contains a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint, and on that basis deny each and every allegation contained therein.

71. Denied.

72. Denied.

73. Defendants repeat and incorporate their foregoing admissions and denials as if fully set forth herein.

74. Denied.

75. Denied.

76. Denied.

77. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint, and on that basis deny each and every allegation contained therein.

78. Denied.

79. Denied.

**Count Two**

**Violations of California Business and Professions Code § 17200**

80. Defendants repeat and incorporate their foregoing admissions and denials as if fully set forth herein.

81. This paragraph contains a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

82. This paragraph contains a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

83. Denied.

84. Denied.

**Count Three**

**Breach of Contract**

85. Defendants repeat and incorporate their foregoing admissions and denials as if fully set forth herein.

86. Denied.

87. This paragraph contains a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

88. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint, and on that basis deny each and every allegation contained therein.

89. This paragraph contains a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

90. Denied.

91. Defendants admit that Apple's complaint includes a request for injunctive relief but deny that Apple is entitled to such relief. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 91 of the Complaint.

**Count Four**

**Unjust Enrichment (In the Alternative to Count Three)**

92. Defendants repeat and incorporate their foregoing admissions and denials as if fully set forth herein.

93. This paragraph contains a legal conclusion for which no answer is required. To the extent an answer is required, Defendants deny the allegations in this paragraph.

94. Denied.

95. Denied.

96. Denied.

97. Defendants admit that Apple's complaint includes requests for an accounting and disgorgement but deny that Apple is entitled to such relief. Except as so admitted, Defendants deny each and every allegation contained in Paragraph 97 of the Complaint.

## REQUEST FOR RELIEF

To the extent any response to the relief requested in the Complaint is required, Defendants deny Apple has any valid claim under 18 U.S.C. § 1030, California Business and Professions Code § 17200, or California law. Defendants further deny that Apple is entitled to any of its requested relief, including that specified in Paragraphs A-H of the Request for Relief.

## DENIAL OF FACTS NOT ADMITTED

Except as admitted above, Defendants deny each and every allegation made in the Complaint.

## SEPARATE AFFIRMATIVE DEFENSES

By alleging the Separate and Additional Defenses set forth below, Defendants do not consent to this Court having subject matter jurisdiction over this action or personal jurisdiction over Defendants, and expressly assert their right to contest subject matter and personal jurisdiction. Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence that otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pleaded in the alternative, and do not constitute an admission of liability or that Apple is entitled to any relief whatsoever. Defendants may seek leave to amend these defenses, or to add additional defenses, based upon legal theories, facts, and circumstances that may or will be discovered and/or further legal analysis of Apple's positions in this litigation.

## FIRST SEPARATE AND ADDITIONAL DEFENSE

(Superseding or Intervening Cause)

Apple's claims are barred, in whole or in part, to the extent that the actions of Defendants' customers in using the Pegasus technology identified in the Complaint constitute a superseding and/or intervening cause for the damages, if any, alleged by Apple.

/ /

**SECOND SEPARATE AND ADDITIONAL DEFENSE**

(Comparative Fault / Contribution)

Should Defendants be found liable to Apple, which liability is expressly denied, Defendants are entitled to have such award reduced or eliminated to the extent that other persons or entities or governments contributed to Apple's injuries or damages. Alternatively, should Defendants be found liable to Apple, which liability is expressly denied, Defendants are entitled to contribution from any parties, persons, entities, or governments that are responsible for Apple's injuries or damages.

**THIRD SEPARATE AND ADDITIONAL DEFENSE**

(Failure to Join Indispensable Party)

Apple's claims are barred, in whole or in part, to the extent that they have failed to join one or more indispensable parties, including, but not limited to, the sovereign governments and government agencies that are Defendants' customers and the Apple customers whose devices Apple claims were accessed by Defendants' customers.

**FOURTH SEPARATE AND ADDITIONAL DEFENSE**

(Equitable Doctrines)

Apple's claims are barred, in whole or in part, by the equitable doctrines of waiver, estoppel, and/or unclean hands. These doctrines are based on at least the following facts: Apple's technology has been used improperly to influence elections around the world, to incite mob violence, to facilitate drug trafficking, and to organize and commit acts of terrorism and serious crimes such as child pornography and child exploitation, but Apple has consistently and unreasonably obstructed law enforcement and intelligence operations to investigate the use of Apple's technology to commit these and other crimes. Apple continues to send notifications to criminals that thwart ongoing law-enforcement investigations. It is that unreasonable and bad-faith obstruction of lawful government investigations that has required sovereign governments and governments agencies to use Defendants' Pegasus technology.

/ /

/ /

**FIFTH SEPARATE AND ADDITIONAL DEFENSE**

(Personal Jurisdiction)

The Court lacks personal jurisdiction over Defendants because they did not agree to be bound by the personal jurisdiction clause in Apple's terms of service, that clause does not apply to some or all of Apple's claims in this action, and/or that clause is unenforceable against Defendants in this case. Defendants did not otherwise direct sufficient case-related conduct at California to support personal jurisdiction over them in California.

**SIXTH SEPARATE AND ADDITIONAL DEFENSE**

(Good Faith / Legitimate Justification)

Apple's claims are barred on the grounds that Defendants acted in good faith and pursuant to legitimate law enforcement, national security, intelligence and business justifications.

**SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

(Foreign Sovereign Immunity and Lack of Subject Matter Jurisdiction)

Defendants are immune from suit because they acted as agents of foreign sovereign governments in respect of all conduct alleged in the Complaint, and the Court is without subject matter jurisdiction.

**EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

(International Comity)

Apple's claims are barred by the doctrine of international comity because the actions of Defendants and their sovereign government customers were lawful under the laws of the states where those actions occurred.

**NINTH SEPARATE AND ADDITIONAL DEFENSE**

(Forum Non Conveniens – Claims)

The claims of Plaintiffs are barred by the doctrine of Forum Non Conveniens because Israel presents a superior alternative forum for Plaintiffs. Among other reasons, Defendants are Israeli companies with no employees in, or ties to, the United States; even willing witnesses cannot be compelled to testify; the cost of bringing witnesses to a trial in this forum would be exorbitant; a trial in this forum would be likely to involve many aspects of foreign law with which the court is

likely unfamiliar; and Israeli and U.S. legal restrictions will unreasonably burden Defendants' ability to participate and defend themselves in the lawsuit.

**TENTH SEPARATE AND ADDITIONAL DEFENSE**

(Statute of Limitations)

Apple's claims are barred to the extent that any applicable statute of limitations has lapsed. The facts underlying this defense are entirely in Apple's possession but will be subject to discovery.

**ELEVENTH SEPARATE AND ADDITIONAL DEFENSE**

(Unjust Enrichment)

Relief for Apple is barred, in whole or in part, because the relief identified by Plaintiffs would constitute unjust enrichment and a windfall to Plaintiffs.

**TWELFTH SEPARATE AND ADDITIONAL DEFENSE**

(Act of State Doctrine)

Apple's claims are barred, in whole or in part, by the Act of State doctrine because those claims challenge sovereign actions taken by Defendants' government customers within those governments' borders.

**THIRTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Mitigation)

Apple's recovery, if any, should be reduced to the extent they failed to mitigate their damages through their own negligent conduct in publishing an application known to Apple to contain vulnerabilities and/or failing promptly to remediate such vulnerabilities.

**FOURTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Avoidable Consequences Doctrine)

Apple's recovery, if any, should be reduced to the extent they failed to take reasonable actions to avoid losses in publishing an application known to Apple to contain vulnerabilities and/or failing promptly to remediate such vulnerabilities.

/ /

/ /

**FIFTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Injunctive Relief Not Recoverable)

Apple is not entitled to seek or recover injunctive relief because it does not face a certain and imminent risk of ongoing or future injury.

**SIXTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Adequate Legal Remedy)

Apple is not entitled to seek or recover equitable relief because Apple has an adequate legal remedy.

**SEVENTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages Not Recoverable)

Apple is barred from recovering exemplary or punitive damages because the Complaint, and each purported cause of action asserted therein, fails to allege facts sufficient to allow an award of punitive or exemplary damages from Defendants. Among other things, an award of punitive damages requires clear and convincing evidence of fraud, oppression or malice, which showing cannot be made, and therefore, no basis for an award of punitive damages exists.

**EIGHTEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Unconstitutional)

The imposition of punitive damages in this case would violate Defendants' right to due process protected under the Fifth and Fourteenth Amendments of the United States Constitution and the right to protection against excessive fines under the Eighth Amendment of the United States Constitution, and the analogous provisions contained in the Constitution of the State of California.

**NINETEENTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Liability Standards Unconstitutional)

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in California are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental

interest.

**TWENTIETH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Damages Standards Unconstitutional)

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the California standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

**TWENTY-FIRST SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Post-Verdict Review Unconstitutional)

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because California's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

**TWENTY-SECOND SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Absence of Procedural Safeguards)

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings, including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**TWENTY-THIRD SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – First Amendment)

To the extent Apple's claims are based on statements made by Defendants or their employees, the imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

**TWENTY-FOURTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Wealth or Financial Status Unconstitutional)

The imposition of punitive damages in this case based upon evidence of Defendants'

wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

**TWENTY-FIFTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Out-Of-State Conduct)

The imposition of punitive damages in this case based on the out-of-state conduct, profits and aggregate financial status of Defendants would violate the Commerce Clause, the Equal Protection Clause, and the Privileges and Immunities Clause of the United States Constitution.

**TWENTY-SIXTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Jurisdiction)

The imposition of punitive damages in this case pursuant to California law to punish Defendants for acts that occurred outside of California's jurisdiction would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

**TWENTY-SEVENTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – No Harm to Plaintiffs)

The imposition of punitive damages in this case based on conduct that did not harm Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

**TWENTY-EIGHTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Dissimilar Conduct)

The imposition of punitive damages in this case based on conduct dissimilar to the conduct that allegedly harmed the Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

**TWENTY-NINTH SEPARATE AND ADDITIONAL DEFENSE**

(Punitive Damages – Non-Parties)

The imposition of punitive damages in this case to punish Defendants for alleged harm to nonparties and/or persons not before the Court would violate the Due Process Clauses of the Fifth

and Fourteenth Amendments to the United States Constitution as well as the Commerce Clause of the Constitution.

**PRAYER**

WHEREFORE, Defendants pray for the following relief:

A. That judgment on the Complaint, and on each cause of action, be entered in favor of Defendants;

B. That Plaintiffs take nothing by the Complaint;

C. That the requests for injunctive relief and other equitable relief be denied;

D. That Defendants be awarded their costs incurred, including reasonable attorneys' fees; and

E. Such other and/or further relief as this Court may deem just and proper.

Dated: February 14, 2024

KING & SPALDING LLP

By: */s/Joseph N. Akrotirianakis*
JOSEPH N. AKROTIRIANAKIS
AARON S. CRAIG
Attorneys for Defendants NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED