WILMER CUTLER PICKERING
  HALE AND DORR LLP
BENJAMIN A. POWELL (SBN 214728)
  benjamin.powell@wilmerhale.com
DAVID W. BOWKER (SBN 200516)
  david.bowker@wilmerhale.com
WHITNEY RUSSELL (*pro hac vice*)
  whitney.russell@wilmerhale.com
2100 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: (202) 663-6000

WILMER CUTLER PICKERING
  HALE AND DORR LLP
MARK D. SELWYN (SBN 244180)
  mark.selwyn@wilmerhale.com
ALLISON BINGXUE QUE (SBN 324044)
  allison.que@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94301
Telephone: (650) 858-6000

*Attorneys for Plaintiff Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>                    Plaintiff,<br><br>        v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>                    Defendants. | Case No. 3:21-cv-09078-JD<br><br>**PLAINTIFF APPLE INC.'S MOTION FOR VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(2)**<br><br>Hon. James Donato<br>Courtroom 11, 19th Floor<br>Date:   October 24, 2024<br>Time:   10:00 AM |

**Public Version Of Document Filed Under Seal**

**NOTICE OF MOTION AND MOTION FOR VOLUNTARY DISMISSAL**

PLEASE TAKE NOTICE THAT, on October 24, 2024 at 10:00 a.m., or at the Court's earliest convenience, in Courtroom 11, 19th Floor of the U.S. District Court for the Northern District of California, San Francisco Division, this Motion for Voluntary Dismissal will be heard. Plaintiff Apple Inc. moves for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(2). This Motion to Dismiss is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Benjamin A. Powell and attached exhibit.

**STATEMENT OF REQUESTED RELIEF**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Apple respectfully requests that the Court dismiss this case without prejudice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

Apple is deeply committed to, and has consistently invested in, protecting the security and privacy of its users. Apple takes this commitment seriously and is constantly innovating and acting to make Apple devices the most secure consumer hardware on the market. As a cornerstone of this commitment, Apple's teams work tirelessly to protect the critical threat-intelligence information that Apple uses to protect its users worldwide. Because of these efforts, along with the efforts of others in the industry and national governments to combat the rise of commercial spyware, Defendants have been substantially weakened. At the same time, unfortunately, other malicious actors have arisen in the commercial spyware industry. It is because of this combination of factors that Apple now seeks voluntary dismissal of this case. While Apple continues to believe in the merits of its claims, it has also determined that proceeding further with this case has the potential to put vital security information at risk.

When it filed this lawsuit nearly three years ago, Apple recognized that it would involve sharing information with third parties. However, developments since the filing of this lawsuit have reshaped the risk landscape of sharing such information. Apple knows and appreciates that this Court would take the utmost care with the sensitive information relevant to this case. But it is also

1   aware that—now more than ever—predator spyware companies, including those not before this

2   Court, will use any means to obtain this information.  Because Apple currently uses its threat-

3   intelligence information to protect every one of its users in the world, any disclosure, even under

4   the most stringent controls, puts this information at risk.  Because of the developments since this

5   suit was filed, proceeding forward at this time would now present too significant a risk to Apple's

6   threat-intelligence program.

7          Three major developments have shifted the risk presented to Apple's threat-intelligence

8   program—and ultimately, its users—by continuing this suit.  *First*, Apple has continued to develop

9   extensive threat-intelligence information, leading to its most advanced protections ever, which

10  Apple is currently using to protect users from Defendants and other spyware companies.

11  Compromise of this information—an unavoidable risk inherent in disclosing such information to

12  third parties—would severely undermine the effectiveness of Apple's program and ability to

13  protect its users, especially in a high threat environment where adversaries aggressively seek this

14  information using any means necessary.  For example, it was reported on July 25, 2024 that

15  allegedly highly controlled materials connected to the parallel *WhatsApp* litigation were obtained

16  via a purported "hack of data from Israel's ministry of justice."  Davies and Kirchgaessner, *Israel*

17  *Tried To Frustrate US Lawsuit Over Pegasus Spyware, Leak Suggests*, The Guardian (July 25,

18  2024), https://tinyurl.com/yn58f48p ("Guardian Story").  Of course, when Apple filed this suit, it

19  understood that it would involve disclosure of information to third parties, but, in light of these

20  and other developments discussed below, Apple can no longer accept the risks entailed by such

21  disclosure.

22          *Second*, the commercial spyware industry has undergone significant changes.  Defendants

23  have been supplanted in part by a growing number of different spyware companies, meaning

24  threats are no longer concentrated in a single, powerful actor.  The result is that even complete

25  victory in this suit will no longer have the same impact as it would have had in 2021; instead of

26  eliminating with one judgment a significant portion of the threat environment, other spyware

27  companies unaffiliated with Defendants would be unaffected by the suit and able to continue their

28

1    destructive tactics.  At the same time, since the filing of this lawsuit, many more countries have

2    recognized the risk that malicious spyware poses to their citizens and have joined together in

3    international agreements recognizing the danger of spyware to human rights and committing to

4    take action to mitigate the devastating impact of spyware.  *See, e.g.*, Exec. Order No. 14,093, 88

5    Fed. Reg. 18,957 (Mar. 27, 2023); Press Release, The White House, Joint Statement on Efforts To

6    Counter The Proliferation and Misuse of Commercial Spyware (March 18, 2024), *available at*

7    https://tinyurl.com/2s4ere4d.  Government-level actions like this are appropriate given the clear

8    threat that spyware companies pose to society and the increasing danger and diversification of the

9    spyware industry since the commencement of this suit.

10          *Third*, Defendants and others have taken actions— ████████████████████████████

11   ████████████████████████████████—to avoid producing information.  *See* Powell

12   Decl. Ex. A at 1 ████████████████████████████████████████

13   ██████████████████████████.  And while Apple takes no position on the truth or

14   falsity of the Guardian Story described above, its existence presents cause for concern about the

15   potential for Apple to obtain the discovery it needs.  *See* Guardian Story ("Israeli officials seized

16   documents about Pegasus spyware from its manufacturer, NSO Group, in an effort to prevent the

17   company from being able to comply with demands made by WhatsApp in a US court to hand over

18   information about the invasive technology.").  This means that going forward with this case will

19   potentially involve disclosure to third parties of the information Apple uses to defeat spyware

20   while Defendants and others create significant obstacles to obtaining an effective remedy.

21          To avoid compromising its commitment to the security of its users, and in light of the

22   developments described above, Apple has made the decision at this time to prioritize its expert

23   security resources and advanced threat-intelligence program to continue to stop destructive

24   spyware through technical methods.  For that reason, Apple respectfully seeks dismissal without

25   prejudice pursuant to Rule 41(a)(2).

26                                        **ARGUMENT**

27          When faced with a Rule 41(a)(2) motion for dismissal, the district court must decide

28

1 "(1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice;

2 and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. College*

3 *Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005).  Each of these factors weighs in Apple's favor.

4 **I.     Dismissal Will Not Subject Defendants To Legal Prejudice**

5 "A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless

6 a defendant can show that it will suffer some plain legal prejudice as a result." *Smith v. Lenches*,

7 263 F.3d 972, 975 (9th Cir. 2001).  "'[L]egal prejudice' means 'prejudice to some legal interest,

8 some legal claim, some legal argument.'" *Id.* at 976.  Courts have found legal prejudice sufficient

9 to deny a motion for voluntary dismissal where dismissal "would result in the loss of a federal

10 forum, or the right to a jury trial, or a statute-of-limitations defense," or where a plaintiff was

11 "dilatory in prosecuting the case and seeking a dismissal." *Westlands Water Dist. v. United States*,

12 100 F.3d 94, 97 (9th Cir. 1996).  By contrast, there is no legal prejudice merely because "a dispute

13 remains unresolved or because the threat of future litigation … causes uncertainty," "because the

14 defendant will be inconvenienced by having to defend in another forum or where a plaintiff would

15 gain a tactical advantage by that dismissal," or because of "the expense incurred in defending

16 against a lawsuit." *Smith*, 263 F.3d at 976.

17 The dismissal sought here will not subject Defendants to "legal prejudice."  Dismissal will

18 not "result in the loss of a federal forum, or the right to a jury trial, or a statute-of-limitations

19 defense" for Defendants.  *Westlands*, 100 F.3d at 97.  Apple has not been dilatory in prosecuting

20 its case, and it seeks dismissal more than 7 months before the deadline for the close of discovery

21 and nearly 15 months before trial.  Defendants face no legal prejudice merely because this dispute

22 is unresolved, because Defendants will be inconvenienced if Apple refiles its claim, or because

23 they incurred expenses in defending against this suit.  *See Westlands*, 100 F.3d at 97.

24 **II.    Dismissal Should Be Without Prejudice**

25 To determine whether to dismiss a case with or without prejudice, a district court must

26 consider "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack

27 of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation

28

1    of the need to take a dismissal." *Williams*, 227 F.R.D. at 540.  "Dismissal with prejudice may be

2    appropriate where 'it would be inequitable or prejudicial to defendant to allow plaintiff to refile

3    the action,'" though such "situations have usually arisen where the plaintiff waited until the

4    defendant is on the verge of triumph to move for a Rule 41(a)(2) dismissal." *Id.* at 539-540.

5         Each of the factors governing the inquiry into whether dismissal should be with or without

6    prejudice favors a non-prejudicial dismissal.  *First*, given the early stage of discovery, Defendants

7    should have incurred relatively minimal expenses, akin to those typically incurred by litigating a

8    case through the motion to dismiss stage.  *See Williams*, 227 F.R.D. at 540.  *Second*, and for similar

9    reasons, Apple has not caused undue delay in seeking dismissal after due consideration of the

10   circumstances at issue here.  *Third*, Apple offers a sufficient justification for dismissal.  *Supra* 1-

11   4.   Specifically, recent developments have revealed a confluence of circumstances that risk

12   endangering Apple's commitment to protecting the security of its users if it continues with this

13   case.  *See id.*  Finally, the stage of this case is inconsistent with a finding that dismissal would be

14   "inequitable or prejudicial," as this case bears no similarity to "situations … where the plaintiff

15   waited until the defendant is on the verge of triumph" to move for dismissal.  *Williams*, 227 F.R.D.

16   at 539-540.  As the case remains more than a year from trial, Defendants cannot claim proximity

17   to triumph that would be endangered by dismissal without prejudice.

**III.    The Court Should Not Impose Conditions On Voluntary Dismissal At This**
**Preliminary Stage**

18

19

20        The Court has discretion to condition a voluntary dismissal on "terms that the court

21   considers proper."  Fed. R. Civ. P. 41(a)(2).  "Imposition of costs and fees as a condition for

22   dismissing without prejudice is not mandatory," and the Ninth Circuit has "explicitly stated that

23   the expense incurred in defending against a lawsuit does not amount to legal prejudice."

24   *Westlands*, 100 F.3d at 97 (9th Cir. 1996).  Even when courts have awarded costs and fees as a

25   condition of voluntary dismissal, the Ninth Circuit has held that "defendants should only be

26   awarded attorney fees for work which cannot be used in any future litigation of these claims."  *Id.*

27   Given the stage of the case and the lack of prejudice to Defendants resulting from dismissal, Apple

28   respectfully requests that the Court dismiss this case without prejudice and without imposing

1 | additional conditions.

2 | * * *

3 |     Apple acknowledges and thanks the Court for its thorough consideration of the matters

4 | presented thus far in this case.  Apple does not seek dismissal lightly.  It is motivated by the course

5 | of action that will best protect its users.  To avoid compromising this objective, Apple respectfully

6 | seeks dismissal without prejudice pursuant to Rule 41(a)(2).

7 | **CONCLUSION**

8 |     For the foregoing reasons, Apple requests that the Court order dismissal of this action

9 | without prejudice, pursuant to Rule 41(a)(2).

10

11

12 | Dated:  September 13, 2024           WILMER CUTLER PICKERING

13 |                     HALE AND DORR LLP

14 |                     By: */s/ Mark D. Selwyn*_____

                    Mark D. Selwyn

15 |                     *Attorney for Plaintiff Apple Inc.*

16

17

18

19

20

21

22

23

24

25

26

27

28