JOSEPH N. AKROTIRIANAKIS (SBN 197971)
 *jakro@kslaw.com*
AARON S. CRAIG (SBN 204741)
 *acraig@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1700
Los Angeles, CA 90071
Telephone: (213) 443-4355
Facsimile: (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>  Plaintiff,<br><br>  v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>  Defendants. | Case No. 3:21-cv-09078-JD<br><br>Honorable James Donato<br><br>**DECLARATION OF AARON S. CRAIG PURSUANT TO LOCAL RULE 79-5(F)(3) IN RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED (DKT. 96) AND IN SUPPORT OF DEFENDANTS NSO GROUP TECHNOLOGIES LTD. AND Q CYBER TECHNOLOGIES LTD.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL**<br><br>**REDACTED VERSION OF DOCUMENT SOUGHT TO BE SEALED**<br><br>Judge:   Hon. James Donato<br><br>Action Filed:   11/23/2021 |

CRAIG DECL.


I, Aaron S. Craig, declare as follows:

1. I am a member of the California State Bar and the bar of this court, a partner in the law firm of King & Spalding LLP, and counsel of record to Defendants NSO Group Technologies Limited and Q Cyber Technologies Limited (collectively, the "Defendants"). This Declaration is made in support of Defendants' September 20, 2024, Administrative Motion to Seal and pursuant to Local Rule 79-5(f)(3) as Defendants' responsive statement to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should be Sealed (Dkt. 96) ("Sealing Administrative Motion"). I have personal knowledge of the facts set forth herein and, except as otherwise stated, could testify competently to each fact averred herein.

2. The Complaint was filed November 23, 2021. (Dkt. 1.) On March 3, 2022, Defendants moved to dismiss Plaintiff's Complaint. (Dkt. 28.) On April 12, 2022, at the parties' joint agreement (Dkt. 33) the case was stayed pending further order. (Dkt. 34.) On June 23, 2022, the stay was extended pending certain appellate proceedings. (Dkt. 40.) On February 16, 2023, the case was reopened, the stay was lifted, and Defendants were given leave to file a renewed motion to dismiss by March 10, 2023. (Dkt. 46.) Defendants filed their Renewed Motion to Dismiss on that date. (Dkt. 48.) On January 23, 2024, the Court denied Defendants' Renewed Motion to Dismiss. (Dkt. 87.) Defendants filed an answer on February 12, 2024. (Dkt. 89.) On September 13, 2024, Plaintiff filed a Motion for Voluntary Dismissal, together with Exhibit A to the Declaration of Benjamin A. Powell in Support of its Motion for Voluntary Dismissal (the "Sealed Materials"). (Dkts. 96-2; 96-3.)

3. Because the Sealed Materials extensively quoted from and made reference to highly confidential materials, Plaintiff properly filed an Administrative Motion asking the Court to consider whether the proposed redactions of the Sealed Materials should be sealed (Dkt. 96). Pursuant to Civil Local Rules 79-5(c)(1) and 79-5(f)(3), Defendants submit this declaration to establish why Defendants' proposed redactions of the Sealed Materials are appropriate and why those documents must be sealed. Pursuant to Civil Local Rule 79-5(c), Defendants also submit this declaration to explain why paragraphs 3-11 and 13 of this Declaration must be sealed (together with the Sealed Materials, the "Sealed Documents"). Sealing of the Sealed Documents was (and



1  remains) necessary to [REDACTED]
2  [REDACTED] that were
3  filed with this Court under seal on September 11, 2023 (Dkt. 62-2 through 62-8). [REDACTED]
4  [REDACTED]
5  [REDACTED]
6  [REDACTED] Nevertheless, the existence of [REDACTED]
7  is material to certain issues in this case, including Defendants' Renewed Motion to Dismiss. The
8  Sealed Documents contain highly sensitive, traditionally nonpublic [REDACTED] information that
9  [REDACTED]
10 [REDACTED]
11 [REDACTED]
12 [REDACTED] and [REDACTED] militates in favor of this Court's sealing documents that contain
13 references to information that [REDACTED]
14 [REDACTED]
15 [REDACTED]
16 [REDACTED]
17     4.   On July 19, 2020, the [REDACTED]
18 [REDACTED]
19 [REDACTED]
20 [REDACTED] The request was presented by [REDACTED] in his capacity as [REDACTED]
21 [REDACTED]
22 [REDACTED] and [REDACTED]
23 [REDACTED]. The [REDACTED]

---

[1] [REDACTED]

[2] The Office of the [REDACTED]

1 ██████████████████████████████████████
2 ██████████████████████████████████████
3 ██████████████████████████████████ The
4 request sought to ████████ from making ████
5 ██████████████████████████████████████
6 ██████████████████████████████████████
7 ██████████████████████████████████████
8 ██████████████████████████████████████
9 ██████████████████████████████████████
10 ███████████████
11      5.     On July 19, 2020, ████████████
12 ██████████████████████████████████████
13 ██████████████████████████████████████
14 ██████████████████████████████████████
15 ██████████████████████████████████████
16 ██████████████████████████████████████
17 ██████████████████████████████████████
18 ██████████████████████████████████████
19 ████████████████ The order authorized the ████
20 ██████████████████████████████████████
21 ██████████████████████████████████████
22 ██████████████████████████████████████
23 ███████████████ The order also authorized ████
24 ██████████████████████████████████████
25 ██████████████████████████████████████
26 ███████████
27      █    On July 19, 2020, ██████████████
28 █████████████████████████████ The letter notified

1 | Defendants about the ████████████████████████
2 | ████████████████████████████████████████████
3 | ████████████████████████████████████████████
4 | ████████████████████████████████████████████
5 | ████████████████████████████████████████████
6 | ████████ including a prohibition on ████████████
7 | ████████████████████████████████████████████
8 |      7.      On January 10, 2022, ██████████████
9 | ████████████████████████████████████████████
10 | ████████████████ in his capacity as ██████████
11 | ████████████████████████████████████████████
12 | ████████████████████████████████████████████
13 | ████████████████████████████████████████████
14 | ████████████████████████████████████████████
15 | ████████████████████████████████████████████
16 | ████████████████████████████████████████████
17 | ████████████████████████████████████████████
18 | ████████████████████████████████████████████
19 | ██████████████
20 |   █   On January 17, 2022, ████████████████████
21 | ██████████████████████████████████ The letter notified
22 | Defendants about the ████████████████████
23 | ████████████████████████████████████████████
24 | ████████████████████████████████████████████
25 | ████████████████████████████████████████████
26 | ████████████████████████████████████████████
27 | ████████████████████████████████████████████
28 | ████████████████████████████████████████████

1 ████████████████████████████████████████
2 █
3    █    On May 21, 2023, ████████████████
4 ████████████████████████████████████████
5 ████████████████████████████████████████
6 ██████████████████████████ is filed as Dkt. 62-7. ████
7 ████████████████████████████████████████
8 ████████████████████████████████████████
9 ████████████████████████████████████████
10 ███████████████████████████████████████
11 ███████████████████████████████████████
12 ███████████████████████████████████████
13 ███████████████████████████████████████
14 ███████████████████████████████████████
15 ███████████████████████████████████████
16 ███████████████████████████████████████
17 ███████████████████████████████████████
18 ███████████████████████████████████████
19    ██████████████
20    10.   The information that Defendants ████████
21 ███████████████████████████████ At the time Defendants first
22 received ██████████████████████████████
23 ███████████████████████████████████████
24    11.   The ████████████████████████████
25 ███████████████████████████████████████
26 ███████████████████████████████████████
27 ─────────────────────
28  3 ████████████████████████████████████

1 ▮
2 ▮
3 ▮
4 ▮
5 ▮
6 ▮
7 ▮
8 ▮
9 ▮
10 ▮
11 ▮
12 ▮
13 ▮

14   12.   In addition to requesting that paragraphs 3-11 and 13 of this Declaration be sealed,
15 Defendants request the Sealed Materials be sealed because those documents contain references to
16 the confidential matters discussed in paragraphs 3-11 above.
17   13.   Good cause exists to seal each of the above-listed documents because the Sealed
18 Documents come from or make reference to ▮
19 ▮
20 which is entitled to deference.
21   a.   *First*, the Sealed Documents contain information that relates to ▮
22 ▮
23 ▮ As such, the Sealed Documents contain traditionally nonpublic
24 ▮ information for which there is no constitutional right of access. *See, e.g., N.Y. Times*
25 *Co. v. U.S. Dep't of Justice*, 806 F.3d 682, 688 (2d Cir. 2015) ("As a general rule, there is no
26 constitutional right of access to traditionally nonpublic government information.") The fact that
27 the documents were issued by ▮ and contain
28 ▮ "alone counsels in

favor of finding that there is no presumptive public right of access" to these documents. *Omari v. Ras Al Khaimah Free Trade Zone Auth.*, 2017 WL 3896399, at *14 (S.D.N.Y. Aug. 18, 2017) (sealing a white paper commissioned by a ruler of a political subdivision of foreign nation because it contained "highly sensitive, traditionally nonpublic government information, in this case of a foreign government"); *see also In re Terrorist Attacks on Sept. 11, 2001*, , 2019 WL 3296959, at *5 (S.D.N.Y. July 22, 2019) (sealing multiple documents and finding that the documents contained "traditionally nonpublic information" because the documents involved senior foreign officials, were designated as sensitive at the time of creation, and detailed information about the nation's response to certain investigations).

      b.    *Second*. ███████

███████

███████

███████

███████ *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct.*, 482 U.S. 522, 543 n. 27 (1987). ███████

███████ *United States v. Sater*, 2019 WL 3288289, at *4 (E.D.N.Y. July 22, 2019). This is particularly true where, as in this case, the documents sought to be sealed ███████

███████

c. *Third*, because ███████████████████████████ ████████████████████████ public disclosure of the Sealed Documents could ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████████████ ███████

14. Accordingly, good cause (and, if necessary, a compelling reason) exists to seal each of the above-listed documents, and Defendants respectfully request that the Court grant the accompanying Administrative Motion to File Under Seal and order the Sealed Documents be kept under seal.

15. The Declarant has carefully sought sealing of only those parts of this Declaration as are necessary to comply with other legal obligations binding on Defendants, as described above, and, on behalf of Defendants, respectfully submits that the good cause and compelling reasons standards are met with respect to the Sealed Documents.[4]

I declare under the penalty of perjury and the laws of the United States that the foregoing is true and correct this 20th day of September 2024, at Washington, D.C.

/s/ *Aaron S. Craig*
AARON S. CRAIG

---

[4] To the extent the Court disagrees with Defendants' sealing request, the Declarant respectfully requests that the Sealed Materials and the unredacted version of this Declaration be stricken from the docket of this action and that any copies thereof be destroyed.