JOSEPH N. AKROTIRIANAKIS (Bar No. 197971)
  *jakro@kslaw.com*
AARON S. CRAIG (Bar No. 204741)
  *acraig@kslaw.com*
MATTHEW NOLLER (Bar No. 325180)
  *mnoller@kslaw.com*
KING & SPALDING LLP
633 West Fifth Street, Suite 1600
Los Angeles, CA 90071
Telephone:    (213) 443-4355
Facsimile:    (213) 443-4310

Attorneys for Defendants
NSO GROUP TECHNOLOGIES LIMITED and
Q CYBER TECHNOLOGIES LIMITED

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NSO GROUP TECHNOLOGIES LIMITED, and Q CYBER TECHNOLOGIES LIMITED,<br><br>　　　　　Defendants. | Case No. 3:21-cv-09078-JD<br><br>**DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL WITHOUT PREJUDICE**<br><br>[*Filed concurrently with the Declaration of Joseph. N. Akrotirianakis*]<br><br>Hon. James Donato<br>Courtroom 11, 19th Floor<br>Date:　October 24, 2024<br>Time:　10:00 a.m. |

## I. INTRODUCTION

After three years of forcing Defendants NSO Group Technologies and Q Cyber Technologies Limited ("Defendants") to expend time and resources defending this lawsuit, and after vigorously resisting two motions to dismiss (including one within the last 12 months), Plaintiff Apple Inc. now moves to dismiss its own claims.

*First*, NSO agrees that this matter should be dismissed. NSO is an Israeli company that produces (and, with the permission of the Israeli Ministry of Defense, licenses) lawful-intercept technologies for government agencies to investigate crime and combat terrorism. These tools were developed in large part as a countermeasure to "end to end" encryption (E2EE) technology and similar technologies, which can be used by terrorists and in narcotics trafficking, human trafficking, child exploitation, and other serious crimes. Companies that provide E2EE technology and similar technologies have repeatedly refused to cooperate with law enforcement and intelligence agencies to counter these threats, including Plaintiff. In contrast, NSO develops lawful-intercept tools like Pegasus that are necessary for our world to be safer. And, NSO takes care to ensure that its government customers use its technologies appropriately and in a manner consistent with their own laws, including applicable privacy laws. NSO's marketing and licensing activities are vetted by its Business Ethics Committee (now its Governance, Risk and Compliance Committee) and approved by the Government of Israel's Ministry of Defense.

Regardless, NSO has consistently argued that the United States District Court for the Northern District of California is not the appropriate forum for adjudicating claims that a foreign technology company licensed lawful-intercept technology to foreign governments, which then used the technology to monitor foreign criminals and terrorists in foreign countries for those countries' own national security and other sovereign interests. Apple's own motion, which appears to have been provided to the media before it was provided to the Court or to NSO,[1] concedes that

---

[1] According to the Notice of Electronic Filing, Apple filed its Motion to Dismiss at 9:06 AM Pacific on September 13, 2024. (Akro Decl. ¶ 13.) Five minutes later, *The Washington Post* published a fourteen-paragraph article on the motion that included third party quotations. (*See* https://www.washingtonpost.com/technology/2024/ 09/13/apple-lawsuit-nso-pegasus-spyware/.)

litigating in this forum presents "significant obstacles"—a point that NSO made repeatedly in its Rule 12 briefing to this Court.

*Second*, the dismissal should be with prejudice. This matter was filed nearly three years ago. And yet, Apple has taken virtually no steps to prosecute its claims. At the same time, the length of the litigation process alone has imposed substantial burdens on NSO. Apple's motion also does not adequately explain its decision to move for dismissal now, when it was aware months ago of all the significant circumstances raised in its motion.

*Third*, should the Court decline to dismiss Apple's claims with prejudice, it should condition the dismissal without prejudice on an award to NSO for the costs and fees incurred for work which would not be able to be used in any future litigation of Apple's claims.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed its Complaint on November 23, 2021, asserting various claims against NSO in connection with its Pegasus technology—a lawful-intercept technology that NSO licenses to government agencies for investigating serious crimes and combating terrorism. (*See* Dkt. No. 1; Declaration of Joseph N. Akrotirianakis ("Akro Decl.") ¶ 2.) NSO moved to dismiss the Complaint on March 3, 2022, and its initial motion to dismiss was fully briefed as of May 18, 2022. (*Id.* ¶ 4.) NSO participated in the preparation of a Joint Case Management Statement, filed on March 10, 2022, and the required conferencing of counsel, and counsel prepared for and attended the Initial Case Management Conference on March 17, 2022. (*Id.* ¶ 5.)

The Court thereafter stayed this action until February 16, 2023, in order for the Supreme Court to issue a decision on NSO's petition for a writ of certiorari in *NSO Group Technologies Limited et al. v. WhatsApp Inc. et al.*, No. 21-1338 (U.S.). (*See* Dkt. Nos. 34, 46.) After the stay lifted, NSO filed a renewed motion to dismiss on March 10, 2023. (Akro Decl. ¶ 6.) Briefing in connection with that motion was extended, and involved declarations, a proposed order, a reply brief, supplemental briefing, numerous administrative motions, a statement of recent decision, and a stipulated (non-discovery) protective order. (*See id.*) The Court denied NSO's renewed motion to dismiss on January 23, 2024, and NSO answered Apple's Complaint on February 14, 2024. (*Id.* ¶ 7.)

NSO then negotiated and prepared portions of a second Joint Case Management Statement, which was filed on May 9, 2024, and served initial disclosures that same day. (*Id.* ¶ 8.) Counsel for NSO then prepared for and attended a Case Management Conference with the Court on May 16, 2024. (*Id.*) After the Case Management Conference, the parties engaged in written discovery. (*See id.* ¶¶ 9–10.)

On September 13, 2024, without meeting and conferring with NSO, Apple moved to dismiss its own Complaint. (*Id.* ¶ 12; Dkt. No. 98, "Mot.").

### III.   LEGAL ARGUMENT

NSO does not oppose Apple's request to dismiss its Complaint.

The Court, however, should dismiss this action *with* prejudice, as it has the discretion to do. *See WPP Luxembourg Gamma Three v. Spot Runner, Inc.*, 655 F.3d 1039, 1059 n.6 (9th Cir. 2011), *abrogated on other grounds by Lorenzo v. SEC*, 139 S. Ct. 1094 (2019); *see also Diamond State Ins. Co. v. Genesis Ins. Co.*, 379 F. App'x 671, 673 (9th Cir. 2010) (affirming district court's conversion of plaintiff's voluntary motion to dismiss *without* prejudice into motion to dismiss *with* prejudice).

Apple contends that Defendants must demonstrate "legal prejudice" to avoid dismissal *without* prejudice under Rule 41(a)(2). (Mot. 4.) That assertion is belied by the plain text of the rule, which expressly provides that voluntary dismissal shall be ordered only "on terms that the court considers proper." The rule further clarifies that dismissal with prejudice may be such a term by stating that voluntary dismissal is without prejudice "*[u]nless the order states otherwise*." Fed. R. Civ. P. 41(a)(2) (emphasis added). "Pursuant to the rule, the Court must make three separate determinations: (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed." *Williams v. Peralta Cmty. Coll. Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). As detailed below, the Court should exercise its discretion to dismiss this action *with prejudice*. If the Court is inclined to grant dismissal *without* prejudice, that dismissal should be conditioned on Apple's payment of NSO's costs and fees, to the extent they were incurred for work which would not be able to be used in any future litigation of Apple's claims.

### *The Court Should Dismiss this Action*

Again, NSO does not oppose Apple's request for dismissal. Although a court may refuse to allow dismissal "if the nonmoving party shows that it will suffer legal prejudice as a result of the dismissal." *Kurin, Inc. v. Magnolia Med. Techs., Inc.*, No. 21-55025, 2021 WL 5823707, at *2 (9th Cir. Dec. 8, 2021). NSO does not argue that dismissal, in and of itself, will result in legal prejudice. To the contrary, NSO has repeatedly argued that it would be prejudiced by being forced to litigate Apple's claims in a forum where it was not able to present a complete defense. It is therefore undisputed that this matter should be dismissed.

### *The Dismissal Should Be with Prejudice*

That dismissal, however, should be with prejudice. The Court has broad discretion to determine the terms of dismissal under Rule 41(a)(2). *See Hargis v. Foster,* 312 F.3d 404, 412 (9th Cir. 2002). A court "may require that the dismissal be with prejudice," even if a plaintiff requested dismissal without prejudice. *Id.*; *see also Microhits, Inc. v. Deep Dish Prods. Inc.*, 510 F. App'x 611, 612 (9th Cir. 2013) ("When granting a motion for voluntary dismissal, a district court may impose 'terms that [it] considers proper,' . . . includ[ing] that the dismissal be with prejudice."). In determining whether Rule 41(a)(2) dismissal should be with or without prejudice, courts consider: "(1) the defendant's effort and expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; and (3) insufficient explanation of the need to dismiss." *Huynh v. Quora, Inc.*, 2020 WL 4584198, at *2 (N.D. Cal. Aug. 10, 2020) (citations omitted).

Defendants have put forth significant effort and expense in this litigation, meriting dismissal with prejudice. *See Toyo Tire & Rubber Co. v. Doublestar Dong Feng Tyre Co.*, 2018 WL 1896310, at *4 (C.D. Cal. Mar. 28, 2018) (dismissal with prejudice when defendant had "invested substantial resources into litigating" the claims and "th[e] litigation ha[d] been pending for three years"). While courts have granted motions for voluntary dismissal without prejudice in cases where "no motions challenging the merits of this case had come before [them]," those are not the circumstances here. *See Smith v. Lenches*, 263 F.3d 972, 976 (9th Cir. 2001). NSO Defendants have incurred the litigation costs associated with their motion to dismiss (and their

renewed motion to dismiss) Plaintiff's Complaint. (*See* Akro Decl. ¶¶ 4, 6.) That briefing process involved supplemental briefing, administrative motions, and a specially negotiated protective order. (*Id.* ¶¶ 4, 6.) NSO has also answered Plaintiff's Complaint (Dkt. No. 89), prepared for and attended two case management conferences, served initial disclosures, responded to written discovery, and prepared written discovery of their own. (Akro Decl. ¶¶ 7–10.) Defendants have also undertaken steps to preserve data. (*Id.* ¶ 11.) Were it not for the Complaint that Apple now seeks to dismiss, those actions would not have been undertaken or those costs incurred.

In *Ardalan v. McHugh*, No. 13-CV-01138, 2015 U.S. Dist. LEXIS 64812 (N.D. Cal. May 15, 2015), the Court found dismissal with prejudice to be warranted when the case, as here, had been pending for over two years and had gone through multiple rounds of motions to dismiss. The Court found that dismissal without prejudice would "return [the Defendant] to square one in this litigation despite substantial time and expense spent defending against this action." *Id.* at *4. There, as here, the defendant "expended substantial energy [ ] in an attempt to move th[e] case toward final resolution." *Id.* at *3. Here, dismissal without prejudice "would be unfair," since Apple "could use what [it] learned during the litigation, file [its] claim again, and force the defendant[s] back into litigation. *See Columbia Cas. Co. v. Gordon Trucking, Inc.*, No. 09-CV-05441-LHK, 2010 WL 4591977, at *6 (N.D. Cal. Nov. 4, 2010).

Furthermore, Apple's stated reasons for seeking dismissal underscore a lack of diligence in filing its Complaint in the first instance. Apple claims that the disclosure requirements inherent in litigation would undermine its security protections. (*See* Mot. at 2.) Apple acknowledges that when it filed this lawsuit, "it understood that it would involve disclosure of information to third parties," yet maintains that such disclosure is now a basis for voluntary dismissal without prejudice. (*Id.*) Apple offers no explanation of how it, or any other party to any federal court lawsuit, could comply with court orders or the Federal Rules of Civil Procedure without disclosing its relevant information. (*See id.*) Additionally, Apple has taken almost no steps to prosecute this matter, even since the stay was lifted a year and a half ago. It has essentially served one set of document requests, one set of interrogatories, and never sought to meet and confer about NSO's objections and responses. (*See* Akro Decl. ¶ 9.) If Apple is unwilling or unable meaningfully to

5

1  participate in the discovery process, as would be required in any subsequent lawsuit, then dismissal
2  without prejudice is unwarranted.

3  Finally, Apple gives three insufficient explanations for why this case should be dismissed
4  without prejudice. (Mot. 2–3.) First, as mentioned above, Apple claims that continuing the lawsuit
5  it initiated would render its information vulnerable to exploitation by third parties. This
6  explanation is insufficient to warrant dismissal without prejudice because, as Apple is aware, the
7  exchange of information in discovery is simply a requirement in civil litigation in the United States.

8  Second, Apple argues that companies unaffiliated with Defendants threaten Apple's
9  security and that "even total victory in this suit" would not resolve its issues. (Mot. 2.) Short of
10 filing a defendant-class action (which would be inappropriate here for countless reasons), this
11 limitation is inherent in civil litigation. There is always a possibility that additional participants
12 may enter a particular market; this was true at the time Apple filed suit and Apple identifies no
13 particular recent market entrants giving rise to its concern. This explanation provides no basis for
14 dismissing the case without prejudice.

15 Third, Apple implies that Defendants or their counsel have engaged in discovery
16 misconduct, including allowing material produced by WhatsApp and Facebook in separate
17 litigation to be made public. (Mot. 1:21-23, 2:8-21.) Despite this innuendo, which has been
18 breathlessly repeated by the media, there has never been any suggestion by anyone (save Apple
19 here) that any information belonging to any litigant/producing party has ever been shared with or
20 leaked to anybody not entitled to receive it under the applicable protective order. Neither
21 Defendants nor their counsel have shared with anyone not allowed to receive it any confidential
22 information belonging to a producing party—nor has any such information been otherwise
23 "leaked." Pointing to an article that suggests Israeli governmental actions concerning seizure of
24 *NSO's documents*, Apple curiously complains that *it* is at risk. *Id*. (citing Davies and
25 Kirchgaessner, *Israel Tried to Frustrate US Lawsuit Over Pegasus Spyware, Leak Suggests*, The
26 Guardian (July 25, 2024), https://tinyurl.com/yn58f48p, "*Guardian* article"). But the *Guardian*
27 article asserts that material purportedly seized by Israel includes only documents internal to
28 Defendants, *not* WhatsApp or Facebook (or any other producing party). Nobody has ever claimed

6

that any information confidential to Apple or any other NSO adversary has been disclosed or leaked, and Apple irresponsibly suggests that NSO, its counsel, or anyone else would fail to preserve the security of Apple's confidential material.

### *If the Court Dismisses Without Prejudice, It Should Impose Conditions on the Dismissal*

NSO Defendants do not seek an award of attorneys' fees and costs if the Court dismisses the case *with* prejudice. If the Court were to dismiss the case *without* prejudice, however, NSO should be awarded certain of the costs and fees associated with litigating Apple's claims. *See Bernacki v. Tanimura & Antle Fresh Foods, Inc.*, No. 5:13-CV-02140-EJD, 2014 WL 3090815, at *4 (N.D. Cal. July 3, 2014) ("As Plaintiff is benefitting from the court's denial of costs, it would be inequitable to allow Plaintiff to bring the action again."); *Koby v. ARS Nat'l Servs., Inc.*, 2018 WL 1441340, at *4 (S.D. Cal. Mar. 20, 2018) (same). Conditioning dismissal without prejudice "on the plaintiff's payment of the defendant's costs of litigation" is "not uncommon." *Smith-Dickerson v. State Farm Mut. Auto. Ins. Co., Inc.*, No. 18-CV-00189-EMC, 2018 WL 3730464, at *1 (N.D. Cal. Aug. 6, 2018); *see, e.g., Hamilton v. Firestone Tire & Rubber Co.*, 679 F.2d 143, 136 (9th Cir. 1982) (affirming dismissal with costs as condition); *Telegram Messenger Inc. v. Lantah, LLC*, 2020 WL 6415506, at *6 (N.D. Cal. Nov. 2, 2020) (defendant awarded fees and costs as condition of dismissal); *Gonzalez v. Proctor & Gamble Co.*, 2008 WL 612746, at *4 (S.D. Cal. Mar. 4, 2008) (same).

Courts often award attorneys' fees and costs when granting voluntary dismissal without prejudice in order "to compensate the defendant for the unnecessary expense that the litigation has caused." *Smith-Dickerson*, 2018 WL 3730464, at *2 (quoting *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985).) Here, defendants have incurred litigation expenses for "work which cannot be used in any future litigation of [Apple's] claims." *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996).

For instance, by Apple's own admission, "even complete victory in this suit will no longer have the same impact" as it had initially hoped. (Mot. 2.) By this logic, it is unlikely that Apple would bring an identical complaint against NSO in the future, rendering NSO's work in answering the Complaint (Dkt. No. 89) unusable. NSO Defendants have also briefed two motions to dismiss

the current Complaint, the second of which included supplemental briefing, multiple administrative motions, and a specially negotiated protective order. (*See* Akro Decl. ¶¶ 4, 6.) NSO also negotiated Case Management Statements, prepared for two Case Management Conferences, undertook data preservation efforts specific to Apple's claims, prepared initial disclosures, responded to Apple's discovery requests, and prepared its own discovery requests based on the claims asserted by Apple. (*See id.* ¶¶ 5, 8–11.) Little, if any, of this work can be repurposed for future litigation, particularly if the future claims involve different allegations and different time periods. Accordingly, in the event this case is dismissed without prejudice, Apple should pay NSO's reasonable costs and fees "to compensate the defendant[s] for the unnecessary expense that the litigation has caused." *Smith-Dickerson*, 2018 WL 3730464, at *2. *See Telegram*, 2020 WL 5074399, at *5 (awarding fees as a condition of dismissal without prejudice even when the "litigation has not progressed to a meaningful extent toward trial and the parties have conducted very limited discovery").

As a result, if the Court dismisses this case without prejudice, NSO requests that the Court "direct the parties to meet and confer regarding an appropriate award of fees and costs" that Apple should pay NSO. *See Telegram*, 2020 WL 5074399, at *5 (citing *Koch v. Hankins*, 8 F.3d 650, 652 (9th Cir. 1993).) NSO has incurred unnecessary costs in this case for work that it cannot use in future litigation of Apple's claims and is thus entitled to just compensation.

## IV.   CONCLUSION

For the foregoing reasons, NSO does not oppose Apple's request to dismiss its Complaint. NSO does request, however, that the dismissal be *with* prejudice. In the alternative, if the Court is not inclined to dismiss Apple's claims with prejudice and intends to dismiss *without* prejudice, it should condition any dismissal without prejudice on Apple paying NSO's costs and fees. In that case, the parties should be directed to confer and attempt to agree on which of NSO's fees were unnecessarily incurred and could not be used in future litigation of Apple's claims.

DATED: September 27, 2024         By: /s/ Joseph N. Akrotirianakis
                                      JOSEPH N. AKROTIRIANAKIS
                                      Attorneys for Defendants
                                      NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LTD