WILMER CUTLER PICKERING
  HALE AND DORR LLP
BENJAMIN A. POWELL (SBN 214728)
  benjamin.powell@wilmerhale.com
DAVID W. BOWKER (SBN 200516)
  david.bowker@wilmerhale.com
WHITNEY RUSSELL (*pro hac vice*)
  whitney.russell@wilmerhale.com
2100 Pennsylvania Ave. NW
Washington, DC 20037
Telephone: (202) 663-6000

WILMER CUTLER PICKERING
  HALE AND DORR LLP
MARK D. SELWYN (SBN 244180)
  mark.selwyn@wilmerhale.com
ALLISON BINGXUE QUE (SBN 324044)
  allison.que@wilmerhale.com
2600 El Camino Real, Suite 400
Palo Alto, CA 94301
Telephone: (650) 858-6000

*Attorneys for Plaintiff Apple Inc.*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| APPLE INC.,<br><br>                 Plaintiff,<br><br>   v.<br><br>NSO GROUP TECHNOLOGIES LIMITED and Q CYBER TECHNOLOGIES LIMITED,<br><br>                 Defendants. | Case No. 3:21-cv-09078-JD<br><br>**PLAINTIFF APPLE INC.'S REPLY IN SUPPORT OF MOTION FOR VOLUNTARY DISMISSAL UNDER FED. R. CIV. P. 41(a)(2)**<br><br>Hon. James Donato<br>Courtroom 11, 19th Floor<br>Date:   October 24, 2024<br>Time:  10:00 AM |

1  Defendants agree that this case should be dismissed, which should be the end of the matter. Their contention that dismissal should be granted either with prejudice *or* without prejudice but with an award of fees and costs is unsupported by law or fact. Contrary to Defendants' arguments, dismissal without prejudice—the default established by Rule 41(a)(2)—is appropriate here, and no fees should be awarded.

Defendants' description of the timeline of this litigation is not accurate. Despite the passage of time, this case is in an early stage, still at the beginning of the discovery process. As the Court is aware, this case was stayed from April 2022 to February 2023 pending resolution of Defendants' petition for certiorari seeking Supreme Court review of the decision in *WhatsApp Inc. v. NSO Group Technologies Ltd.*, No. 20-16408 (9th Cir.), No. 21-1338 (U.S.). Dkts. 34, 46. In connection with their proposed September 2025 fact discovery cutoff, Defendants represented to the Court: "it would be impossible for them to produce document discovery within a shorter time frame." Dkt. 93 at 9. Apple served its first set of requests for production on May 22, 2024, and Defendants have yet to produce a single document in response. Defendants have repeatedly pointed to "overlapping Israeli legal obligations and the procedures described in Defendants' under-seal filing[s]" as the explanation for any delay that has occurred in this case. *Id.* In the face of Defendants' consistent position that they would be unable to meaningfully participate in discovery until next year, their suggestion that Apple has not diligently prosecuted this case should be given no credence.

As explained in its opening motion, Apple does not seek dismissal lightly. But circumstances and actions by Defendants, and others, have changed the landscape since Apple filed this case. In the face of these changes, Apple has remained steadfast in its commitment to, and investment in, the security and privacy of its users. Pursuing this litigation, in the face of the risks presented, served that interest at the time this case was filed. But now, after three years in which Apple's threat intelligence program has become more and more effective at protecting against attacks like Defendants', and with Defendants presenting a weakened threat among a growing environment of malicious actors, the risks posed to Apple's users from continuing this

lawsuit—and potentially exposing critical threat intelligence information to such malicious actors—outweigh any potential benefits from litigating this case to resolution.

## ARGUMENT

Defendants do not oppose dismissal of this case, Dkt. 100 at 1, 4, which would not subject them to any legal prejudice. *See Smith v. Lenches*, 263 F.3d 972, 975 (9th Cir. 2001) ("A district court should grant a motion for voluntary dismissal under Rule 41(a)(2) unless a defendant can show that it will suffer some plain legal prejudice as a result."). Instead, Defendants urge the Court either to dismiss this case with prejudice or, alternatively, to condition a dismissal without prejudice on the award of fees "incurred for work which would not be able to be used in any future litigation of Apple's claims." Dkt. 100 at 2. But Defendants fail to demonstrate that this case presents circumstances that would justify either of these alternative outcomes, including under the inapposite authority on which they rely.

### I. Dismissal Should Not Be With Prejudice

As Defendants acknowledge (at 3), the default in the Federal Rules is that a motion for voluntary dismissal under Rule 41(a)(2) is without prejudice. Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). Whether to dismiss with prejudice depends on consideration of "(1) the defendant's effort and expense in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Williams v. Peralta Cmty. College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005). A prejudicial dismissal "may be appropriate where 'it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action[,]'" but such "situations have usually arisen where the plaintiff waited until the defendant is on the verge of triumph to move for a Rule 41(a)(2) dismissal." *Id.* at 539-540. Defendants offer nothing to suggest that they are somehow "on the verge of triumph" where fact discovery does not even close until April 2025 and dispositive motions are not due until July 2025. Dkt. 95.

Here, none of these requirements has been met, and none of the cases Defendants identify

in support of their request for prejudicial dismissal bear any similarity to this case. For example, Defendants point (at 4) to *Toyo Tire & Rubber Co. v. Doublestar Dong Feng Tyre Co.* to argue that prejudicial dismissal is warranted merely because the case has been pending for three years. But Defendants overlook the delay occasioned by the nearly year-long stay of this case, and ignore that the *Toyo* court based its holding in significant part on the "late stage of the proceedings" in that case, where "trial [wa]s scheduled … merely seven months away." 2018 WL 1896310, at *4 (C.D. Cal. Mar. 28, 2018). The same cannot be said here, with trial set for nearly 15 months from the date of Apple's motion to dismiss. Defendants' reliance on *Ardalan v. McHugh* is similarly misplaced; that court ordered prejudicial dismissal against the plaintiff's "*fourth* lawsuit alleging claims stemming from" the same challenged conduct and where there was evidence, including multiple motions for reassignment, "that Plaintiff's motion for voluntary dismissal [wa]s an attempt at forum shopping due to her displeasure at how the Court has limited her case." 2015 U.S. Dis. LEXIS 64812, at *3-4 (N.D. Cal. May 15, 2015) (emphasis added). This is Apple's first lawsuit against Defendants, and it does not seek dismissal for any purpose other than the protection of its users. And in *Columbia Casualty Co. v. Gordon Trucking, Inc.*, the opposing parties *agreed* to a prejudicial dismissal, rendering that case inapposite to this one. 2010 WL 4591977, at *6 (N.D. Cal. Nov. 4, 2010).

Defendants' position on prejudicial dismissal is not only unsupported by their cited cases, but also by the facts. Defendants are wrong (at 5) that Apple failed to pursue its claims with sufficient diligence. As Defendants acknowledge (at 5-6), Apple served written discovery shortly after the case management conference. Defendants have said they could not comply with Apple's discovery requests in a timely manner and also waited until July 18, 2024 to serve their own written discovery, to which Apple responded on September 16, 2024. It is far from unusual to defer meeting and conferring over discovery responses until both sides have exchanged written discovery. But aside from a yet-to-be scheduled meet-and-confer over written discovery, Defendants do not identify a single action that they contend Apple should have taken (at this early stage of the case) that it has not. Dkt. 100 at 5-6. Defendants cannot credibly fault Apple for their

own lack of progress in producing documents and complying with other discovery—especially where Defendants themselves represented that any progress on document discovery would be "impossible" "within a shorter time frame." Dkt. 93 at 9.

Nor are Defendants' characterizations of Apple's reasons for dismissal correct. As Apple's opening brief explained, it is the combination of: (1) Apple's improved and ever stronger threat intelligence program in the face of growing vulnerabilities to information compromise even under strict confidentiality controls; (2) significant changes to the commercial spyware industry since this case was filed, including that governmental entities have joined the fight against commercial spyware; and (3) the actions of Defendants and others to avoid producing information, that have changed the risk posed by continuing this litigation. Dkt. 98 at 1-3. It is not merely that documents will be disclosed in discovery or that there have been market changes, as Defendants suggest (at 6), but also because these realities are part of a larger set of evolving risks that continuing this litigation will pose to Apple's users.

Nor need Defendants "engage[] in discovery misconduct," Dkt. 100 at 6, for there to be genuine concerns about Apple's ability to obtain the information it needs to prosecute its case, particularly given the *Guardian* story identified in Apple's opening brief, Dkt. 98 at 2, and Defendants' position that it would be "impossible" to complete fact discovery earlier than September 2025, Dkt. 93 at 9. In the *WhatsApp* litigation, Defendants face a motion for sanctions based on their "refus[a]l to produce internal email communications and … the Pegasus source code as ordered by the Court." *See WhatsApp LLC v. NSO Grp. Techs. Ltd.*, No 4:19-cv-07123-PJH, Dkt. 406 at 1 (N.D. Cal. Oct. 2, 2024). Source code, of course, is vital information to a case involving claims that Defendants' software unlawfully accessed Apple systems and devices.

In short, given "the relatively early stage of the proceedings," *Williams*, 227 F.R.D. at 540, the absence of any showing that Apple has delayed prosecution of its claims, and Apple's central reason for dismissal—protection of its users—this case should be dismissed without prejudice.

II.   **The Imposition Of Fees And Costs Is Unwarranted**

Defendants alternatively request that, if dismissal is without prejudice, the Court issue an

award of fees and costs. Defendants seek this relief in the alternative because they apparently recognize that "district courts in the Ninth Circuit have determined that the payment of fees and costs ordinarily should not be imposed as a condition for voluntary dismissal with prejudice." *Chang v. Pomeroy*, 2011 WL 618192, at *1 (E.D. Cal. Feb. 10, 2011). Even when dismissal without prejudice is granted, "[i]mposition of costs and fees as a condition for dismissing without prejudice is not mandatory[.]" *Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996). "In determining whether to award costs to a defendant after a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss." *Telegram Messenger Inc. v. Lantah, LLC*, 2020 WL 5074399 (N.D. Cal. Aug. 24, 2020).

The second, third, and fourth of these factors favor Apple for the reasons given above and in Apple's opening brief. Apple moved to dismiss more than nine months before the deadline for the close of discovery and nearly fifteen months before trial. Defendants should have engaged in no more effort and expense than required to litigate a case through a motion to dismiss and the very beginning of the discovery process, especially because they have yet to produce a single document. Defendants offer no precedent—beyond precedent generally holding that the Court has discretion to award costs and fees—that a fee award is appropriate in a case like this one. Given the early stage of these proceedings, and the conceded lack of prejudice to Defendants from dismissal, Apple's motion to dismiss this case to protect the security of its users does not warrant the award of fees or costs.

As to the first factor, Defendants fail to identify any litigation expenses for "work which cannot be used in any future litigation of *these* claims." *Westlands*, 100 F.3d at 97 (emphasis added). Defendants attempt (at 7-8) to seek recovery for litigation expenses—like moving to dismiss the Complaint, briefing that motion, answering the Complaint, negotiating a protective order, and preparing discovery requests and responses—that could readily be used if Apple were

to re-file this action. Contrary to Defendants' position, this inquiry focuses on what work could be repurposed if Apple files *the same claims*, not, as Defendants suggest (without citation), if hypothetical "future claims involve different allegations and different time periods." Dkt. 100 at 8.

In sum, nothing about this case—which the parties agree should be dismissed at this early stage—warrants the award of fees or costs for work that could readily be repurposed by Defendants if Apple were to re-file its claims.

* * *

For the foregoing reasons, dismissal without prejudice and without fees or costs is the resolution best supported by precedent and by the circumstances of this case. However, if the Court is inclined to adopt one of the alternative options presented by Defendants, the Court should dismiss with prejudice. As explained above, Apple has diligently pursued this case against Defendants that pose a clear threat to the security of its users, and has faced unexpected circumstances unique to this unusual case. Any fees would not be justified in this situation.

## CONCLUSION

Apple requests that the Court order dismissal of this action without prejudice, pursuant to Rule 41(a)(2).

Dated: October 4, 2024                    WILMER CUTLER PICKERING
                                                                    HALE AND DORR LLP

                                                          By: */s/ Mark D. Selwyn*
                                                          Mark D. Selwyn
                                                          *Attorney for Plaintiff Apple Inc.*