UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

APPLE INC.,

    Plaintiff,

v.

NSO GROUP TECHNOLOGIES LIMITED, et al.,

    Defendants.

Case No. 21-cv-09078-JD

**ORDER RE VOLUNTARY DISMISSAL AND SEALING**

Plaintiff Apple Inc. asks to voluntarily dismiss this case under Federal Rule of Civil Procedure 41(a)(2). Dkt. No. 98. Apple represents that, since the filing of the case in 2021, the threat landscape to Apple users has changed significantly. *See id.* at 1-3. In Apple's view, defendants NSO Group and Q Cyber Technologies (NSO) pose a "substantially weakened" risk because Apple has enhanced user protections through internal efforts. *Id.* at 1. Apple's primary worry is that discovery in litigation would compromise these efforts by revealing the measures Apple has implemented to protect users. *Id.* at 1-3. Apple states that "it does not seek dismissal for any purpose other than the protection of its users." Dkt. No. 101 at 3.

Dismissal without prejudice is granted. Although the case has been pending for some time, very little has happened in terms of discovery and motion practice. At the parties' joint request, the case was stayed for a long period while the Supreme Court considered, and ultimately denied, NSO's petition for certiorari in a similar action against it. *See* Dkt. Nos. 33, 34. The main event to date was the resolution of a motion to dismiss by NSO on the basis of *forum non conveniens*. The Court denied the motion because NSO had not demonstrated that this District was not an appropriate venue for Apple's claims. *See Apple Inc. v. NSO Grp. Techs. Ltd.*, Case No. 3:21-cv-09078-JD, 2024 WL 251448, at *1-3 (N.D. Cal. Jan. 23, 2024). Nothing in Apple's

request to dismiss changes this conclusion, NSO's suggestion to the contrary notwithstanding. Dkt. No. 100 at 1-2.  In most other respects, the case has been quiet.

Overall, NSO has not established that it would suffer "plain legal prejudice" from a dismissal without prejudice.  *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023).  Specifically, NSO has not identified a legal interest, claim, or argument that would be prejudiced, or otherwise demonstrated that it might "lose any *substantial right* by the dismissal." *Id.* at 1283 (quoting *Durham v. Fla. E. Coast Ry. Co.*, 385 F.2d 366, 368 (5th Cir. 1967)) (emphasis in original).

NSO's request for attorneys' fees and costs as a condition of dismissal, Dkt. No. 100 at 7-8, is denied.  *See Kamal*, 88 F.4th at 1286-87 ("Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory.") (internal quotation omitted).  NSO did not document any particular fees or costs in question, and it seems likely that its expenses have been modest in light of the quiescence in the case and the fact that it litigated in another action in this District the same *forum non conveniens* argument subsequently presented here.  *See Apple Inc.*, 2024 WL 251448, at *3.

The sealing requests, Dkt. Nos. 96, 99, are granted.  Although the Court strongly favors public access to all judicial proceedings and filings, *see In re Google Play Store Antitrust Litig.*, 556 F. Supp. 3d 1106, 1107 (N.D. Cal. 2021), the requests are based on comity for overseas tribunals.  Sealing is granted on that basis, as was done in a prior sealing order.  *See* Dkt. No. 88.

**IT IS SO ORDERED.**

Dated:  November 12, 2024

JAMES DONATO
United States District Judge